DECISION AND JOURNAL ENTRY
Appellant James Wolford has appealed from a judgment of the Lorain County Common Pleas Court that dismissed his cause of action for failure to comply with a court order compelling discovery. This Court reverses and remands this action to the trial court.
 I.
On August 27, 1987, Appellant filed a complaint in the Lorain County Common Pleas Court against Appellees J.M. Sanchez, Sal Rivera, the City of Lorain, and three John Doe defendants, alleging malicious prosecution and violations of his constitutional rights. Appellees served Appellant with interrogatories and a request for production of documents on January 31, 1998. Pursuant to agreement of the parties, the responses were due on April 2, 1998.
When Appellant failed to respond by the agreed date, Appellees sent a letter to Appellant requesting a prompt and complete response to the discovery. After Appellant failed to respond to the letter, Appellees moved the trial court to compel discovery on April 23, 1998. On May 12, 1998, the trial court granted the motion to compel, and ordered Appellant to file answers to interrogatories and respond to requests for production of documents on or before June 25, 1998. Because Appellant again failed to provide the requested discovery, Appellees moved the trial court to dismiss the instant action pursuant to Civ.R. 37(B)(2)(c) on July 1, 1998.
Fourteen days after the motion to dismiss was filed, Appellant served the Appellees with answers to the interrogatories as well as the requested documents. On July 15, 1998, Appellant responded in opposition to Appellees' motion to dismiss and informed the court that he had provided Appellees with the requested discovery. Appellees replied stating that they were prejudiced by the delay in receiving the discovery documents, and that if the court did not dismiss the case it would in effect reward Appellant's "dilatory conduct." On July 23, 1998, the trial court granted Appellees' motion and dismissed the case.[1] Appellant timely appealed, asserting two assignments of error. [2]
 II.
A.
 The trial court's judgment was also in error because [Appellant's] counsel was not provided with advance notice that the trial court intended to dismiss the case with prejudice under Civ.R. 41(B).
 In his second assignment of error, Appellant has asserted that the trial court failed to provide him with the required notice prior to dismissing his case pursuant to Civ.R. 41(B). This Court disagrees.
Pursuant to Civ.R. 41(B), a trial court can dismiss an action for failure to comply with a court order after providing notice to plaintiff's counsel. Hillabrand v. Drypers Corp. (2000), 87 Ohio St.3d 517,518. A dismissal of a case with prejudice is only proper "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Id. quoting Quonset Hut, Inc. v. Ford Motor Co.
(1997), 80 Ohio St.3d 46, syllabus. The notice requirement applies to all dismissals with prejudice including dismissals for failure to comply with discovery orders pursuant to Civ.R. 37(B)(2)(c). Hillabrand, 87 Ohio St.3d at 518. "The purpose of the notice requirement is to `provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice.'" Id. quoting Logsdon v.Nichols (1995), 72 Ohio St.3d 124, 128.
Appellant has contended that the trial court committed reversible error because it did not give him notice that his case was going to be dismissed with prejudice pursuant to Civ.R. 41(B). Appellant correctly concedes that notice of intention to dismiss pursuant to Civ.R. 41(B) need not be actual, but may be implied when reasonable under the circumstances. See Quonset,80 Ohio St.3d at 48. However, Appellant asserts that because Appellees' motion to dismiss did not specifically state that they were seeking a dismissal with prejudice pursuant to Civ.R. 41(B), the mere filing of the motion was not sufficient under Quonset to alert Appellant of the possibility that the trial court would dismiss his case with prejudice. Appellant's argument is without merit.
When Appellees filed their motion to dismiss Appellant's case for failure to comply with the trial court's order compelling discovery, Appellant was on notice of the possibility that his case could be dismissed. See Sazima v. Chalko (1999), 86 Ohio St.3d 151,156. In fact, Appellant filed a motion urging the court not to dismiss his action on the grounds that he had complied, albeit in an untimely fashion, with the court's order compelling discovery. It was apparent, therefore, that Appellant was on notice of the possibility of dismissal with prejudice. Accordingly, Appellant's first assignment of error is overruled.
B.
 The trial court committed reversible error when it dismissed [Appellant's] case with prejudice for not timely complying with its discovery order.
 In his second assignment of error, Appellant has asserted that the trial court abused its discretion by imposing the unduly harsh sanction of dismissal when he had provided the requested discovery two weeks prior to the trial court's dismissal of the action. This Court agrees.
A trial court has considerable discretion when determining whether to dismiss a case for failure to comply with a discovery order. Quonset, 80 Ohio St.3d at 47. To constitute an abuse of discretion, a trial court's action must have been arbitrary, unreasonable, or unconscionable. See State ex rel. The V Cos. v.Marshall (1998), 81 Ohio St.3d 467, 469. Based on the tenet that disposition of cases on their merits is favored, numerous decisions have been spawned curtailing the discretion of trial court's to dismiss for purely procedural grounds. Jones v.Hartranft (1997), 78 Ohio St.3d 368, 371. "Thus, although reviewing courts espouse an ordinary `abuse of discretion' standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits." Id. at 372.
The reason for providing notice of intent to dismiss pursuant to Civ.R. 41(B) is to allow the party an opportunity to comply with the order of the court or to explain the failure to comply prior to having the case dismissed. Sazima, 86 Ohio St.3d at 155. "If a trial court was permitted to dismiss an action for plaintiff's failure to comply with an outstanding order after notice to the plaintiff's counsel resulted in compliance, the entire purpose of providing notice in the first place would be defeated." Id. at 157. Accordingly, once the plaintiff has responded to the notice of possible dismissal by complying with the trial court's order, the trial court may not subsequently dismiss the action or claim for non-compliance with that order.Id.
On July 1, 1998, Appellant was put on notice that his case could possibly be dismissed for failure to comply with the court's order compelling him to respond to the requests for discovery. On July 15, 1998, Appellant informed the court that it had supplied the requested discovery to Appellees and requested the court to deny the motion to dismiss. Although, Appellees replied to Appellant's motion in opposition, they did not assert that Appellant had not, in fact, provided the discovery or that the provided discovery was deficient. Appellees merely asserted that they were prejudiced by the delay and that the failure to dismiss Appellant's case would reward Appellant's dilatory conduct. The trial court's dismissal of Appellant's complaint was based solely on Appellant's failure to comply with the court's order compelling discovery. The trial court made no finding that any other conduct or noncompliance warranted a dismissal with prejudice. As such, the trial court abused its discretion by dismissing Appellant's complaint for failure to comply with the court's order after Appellant had, in fact, complied.[3] Appellant's first assignment of error is sustained.
 III.
Appellant's second assignment of error is overruled; however, his first assignment of error is sustained. The judgment of the trial court is reversed and this cause is remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
 _________________________ BETH WHITMORE
FOR THE COURT BAIRD, P. J.
SLABY, J., CONCUR.
[1] On August 15, 1998, Appellant filed a motion for relief from judgment with the trial court; however, his timely notice of appeal on August 22, 1998, divested the trial court of jurisdiction to rule on that motion, absent a remand by this Court. Johnsen v. Johnsen (Oct. 6, 1993), Summit App. No. 16023, unreported at 3. Accordingly, the trial court's denial of that motion on August 25, 1998, is void because this Court did not remand this case for a ruling on the motion.
[2] Appellant's assignments of error have been rearranged for ease of discussion.
[3] This holding does not eradicate the trial court's ability to issue sanctions for failure to comply with its orders in a timely fashion. The trial court retains the ability and the discretion to impose lesser sanctions in these circumstances.