JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Shirley Strickland Saffold dismissing the complaint of appellant, Star Bank, N.A. for its failure to provide discovery to appellees William L. Summers; Barbara A. Summers; William L. Summers Associates, Co. L.P.A. (S A); Summers, Anthony 
Vargas, Co. L.P.A. (SA V); Edwin J. Vargas; and Anil Anthony (the Summers). Star Bank argues its actions did not warrant the severe sanction of dismissal; that it had, in fact, complied with the order compelling discovery; and that the hearing on the motion for sanctions was conducted without adequate or timely notice. We agree that Star Bank was not given a reasonable opportunity to defend against dismissal, and reverse and remand for further proceedings.
The record reveals the following. Benjamin Mann, a client of SAV gave a check payable to SA for $100,000 to Summers for attorney fees and case expenses. On January 20, 1998, the check, drawn on a Texas bank account of JS Liquidation and signed by John Stano, was endorsed by Barbara Summers and deposited in SA's IOLTA account at Star Bank. On January 23rd a check for $26,000 payable to SAV was drawn against the IOLTA account and deposited in its account at Charter One Bank. On January 24th a check for $25,000 payable to SAV was drawn against the account and again deposited in its Charter One account. On January 27th the JS $100,000 check was not paid and was returned by the Texas bank for insufficient funds, but it appears that Star Bank again submitted it for payment. On January 30th a check payable to Mann for $24,000 marked overage was drawn against the IOLTA account and cashed. On February 5th the JS check was returned again for insufficient funds; Star Bank charged back SA's IOLTA account for the entire sum, recovered about $25,708 and sought to collect the outstanding $74,292.
On March 6, 1998, it filed a complaint against the Summers, JS, Stano, Mann and Charter One. The Summerses filed an answer which included counterclaims for inter alia defamation and violation of fiduciary duty, and cross-claims against Mann, JS and Stano for indemnification and contribution.
The July 7, 1998 case management order provided a discovery cut-off date of November 3, 1998, a pretrial for November 4, 1998 a final pretrial for February 16, 1999, and a trial date of March 2, 1999. On July 16, 1998, the Summers propounded their first Request for Production of Documents to Star Bank. On September 3, 1998, Star Bank provided the responsive documents.
On November 4, 1998, the day of the pretrial, the Summers filed a motion to extend the time for discovery by 60 days on the basis that their lawyer had been engaged in trial and otherwise unable to complete discovery, and that they had not yet received a complete response to their first request for production of documents. On that day, the judge granted the motion and extended discovery until January 2, 1999, set a dispositive motion deadline for January 10, 1999, and reset the final pretrial for February 23, 1999. The next day, the Summers served Star Bank with a First Set of Interrogatories and Second Request for Production of Documents.
On December 22, 1998, the Summers filed a motion for order compelling discovery with regard to the First Request for Production of Documents. In the brief supporting their motion, they asserted that Star Bank failed to properly respond to the following request:
 6. Any and all documents, records, or things evidencing, referring and or relating to the policies or procedures of Star Bank, N.A. governing the manner in which Star Bank: (1) Manages and/or handles IOLTA accounts; (2) Honors and/or dishonors a depositor's check; (3) Notifies the depositor of dishonor of a check; (4) Revokes provisional settlements; (5) Obtains refunds from customers; and, (6) Charges back customer credit.
Star Bank had responded to this request as follows:
 [Star Bank] objects to said request for production as calling for propriety information and, therefore, no documents * * * will be provided at this time. However, [Star Bank} will assert that all of the procedures are in accordance with federal statutory regulations, the UCC, and contractual provisions governing checking accounts.
The Summers concluded the brief, indicating that Counsel * * * has attempted to resolve this matter without the court's intervention but to date, has been unable to do so. In support of this contention, it attached a single letter dated December 3, 1998 from the Summers' lawyer to Star Banks' lawyer which pointed out that [u]nder the Federal Regulations, Star Bank is required to notify its customer of its procedures concerning the treatment of checks. That being the case, the information requested cannot be considered proprietary. It concluded that this letter shall serve as my attempt to resolve this matter in accordance with Local Rule 11. Please advise me by the end of business on Friday, December 4, 1998 to advise whether Star Bank will provide documents responsive to that request.[1]
On January 8, 1999, the Summers filed a second motion to compel discovery regarding the First Set of Interrogatories and Second Request for Production of Documents. In the brief supporting the second motion, the Summers asserted that Star Bank failed to respond to its November 5, 1998 requests and again, asserted that their lawyer has attempted to resolve this matter without the court's intervention but was unable to do so. To their brief was attached a single letter, dated December 22, 1998, apprising Star Bank that it had not responded to the First Set of Interrogatories and Second Request for Production of Documents. Star Bank did not file a response to this motion to compel.
Also on January 8, 1999, the Summers filed a second motion for extension of time, requesting that all previously set dates be extended an additional 60 days.
An order journalized February 3, 1999, denied the Summers' second motion for extension of time at this time but extended the discovery deadline until February 3, 1999, the date previously set for a final pretrial. The judge also granted both motions to compel and ordered Star Bank to respond fully by 02/15/99 or claim will be dismissed. February 15, 1999 was Presidents Day, both a court and bank holiday.
The mail room of Star Bank's law firm received the notice of this order on February 12, 1999, a Friday, through a card postmarked February 9, 1999. The lawyer on this case, however, was not notified of its contents until February 15th at his home. Nonetheless, Star Bank's lawyer hand delivered the responses, unverified because of the bank holiday, to the Summers' lawyer on February 15, 1999. At 10:56 a.m. on February 17, 1999, the Summers filed a Motion for Sanctions and Request for Hearing, claiming that the responses it received at 5:00 p.m. on February 15, 1999 failed to comply with the February 3, 1999 order because the responses were unverified, or the responses indicated that Star Bank had no documents to produce but was continuing to review its records and may supplement the request. The certificate of service indicated service of the motion for sanctions upon Star Bank's counsel and the other defendants by regular U.S. Mail.
At 1:59 p.m. on February 17, 1999, the Summers filed a Notice of Hearing on its motion for sanctions which set the time for such hearing for 2:00 p.m. on that same day. The certificate of service indicated notice to Star Bank's counsel and the other defendants by facsimile at 1:16 p.m. Star Bank's lawyer returned from lunch at 1:30 p.m. to find the 22-page facsimile of the motion in his office.
At the 2:00 p.m. hearing, the judge questioned Star Bank's lawyer about the discovery difficulties.[2] He advised her of the delay in receiving notice of her order and explained that the responses provided on the 15th contained all the information the person at Star Bank could provide at that time: I don't know what else I can do, your Honor, other than making her available for her deposition. However, if that's what they have, that's all they have, your Honor.
Summers' lawyer indicated it was not simply a matter of dissatisfaction with the quality of the bank's responses, it was a absolute failure to respond to the judge's order:
 Their failure to advise this defendant as to what their policies and procedures were and what they did with this check is dramatically prejudicing us in our ability to defend this case.
 We don't even know where to begin, your Honor, so far as depositions, the right questions to ask, because we don't know what the bank did or did not do so far as the check itself.
 It is just astonishing to me, frankly, that the bank at this date still hasn't quite figured out what it did with the check that it filed a lawsuit about.
In addition, he complained, the bank indicated that its employees had certain conversations with various Summers defendants about the check, but it did not identify such bank employees. Because Star Bank did not respond fully as the judge ordered, Summers' lawyer submitted, the claim should be dismissed. In closing, the judge pointed out that the answers to the interrogatories were not verified. Star Bank's lawyer responded that he had faxed the verification to his client but had not received a response.
In her order dated February 17 and journalized February 19, 1999, the judge held as follows:
 Pursuant to Civil Rule 37(B) and (D), the court finds that the plaintiff has failed to comply with this court's order. The response to discovery remain incomplete and not sworn or certified. Plaintiff's complaint as to defendants William Summers, Barbara Summers, Summers 
Assoc[.], Summers, Anthony Vargas Co. LPA, Edwin Vargas, and Anil Anthony is dismissed with prejudice. Partial.
On February 22, 1999, counsel for Star Bank filed a Response to Motion for Sanctions, Motion for Reconsideration and Motion to Vacate February 18 [sic], 1999 Dismissal Entry with supporting brief and personal affidavit. In its supporting brief, it argued that its responses did, in fact, comply with the judge's order compelling discovery; that the sanction of dismissal far exceeded any possible deficiency in compliance with the order; that the sanction of dismissal was not just under the circumstances; that the sanctions of dismissal were given without notice; that the judge abused her discretion; that the hearing was conducted without adequate or timely notice and without an opportunity to respond in writing and violated due process.
With regard to the notice argument, it contended that the Summers had faxed the 22-page motion for sanctions to its lawyer by facsimile at 1:16 p.m. on February 17. He retrieved a voice-mail message from the Summers lawyer at 1:30 p.m., after he returned from lunch, notifying him of the motion and the time set for hearing. He located the motion and called the court at 1:52 p.m. to verify whether a hearing was scheduled for 2:00 p.m. It also asserted that the proper verification for the interrogatory answers had been supplied on February 18, 1998.
On February 23, 1999, the Summers dismissed without prejudice their counterclaims against Star Bank.
In an order dated April 7 and journalized April 12, 1999, the judge denied the motion for reconsideration and motion to vacate, noting that [a]fter the hearing on Wednesday, February 17, 1999, the plaintiff subsequently filed a supplemental response, which included sworn and verified answers. These answers were provided after the Court's deadline, and after hearing. The court's order of February 19, 1999 remains.
On April 30, 1999 Star Bank filed Civ.R. 41(A)(1) notices of dismissal without prejudice of their claims against the remaining defendants.
Star Bank asserts the following five assignments of error:
 I. THE EXTREME SANCTION OF DISMISSAL WITH PREJUDICE WAS IMPROPERLY GIVEN WITHOUT NOTICE.
 II. THE EXTREME SANCTION OF DISMISSAL WITH PREJUDICE IS IMPROPER WHERE PLAINTIFF DID NOT ACT IN SUCH A MANNER AS TO WARRANT THE SANCTION IMPOSED.
 III. THE EXTREME SANCTION OF DISMISSAL WITH PREJUDICE IS NOT WARRANTED WHERE PLAINTIFF HAS COMPLIED WITH THE TRIAL COURT'S FEBRUARY 3, 1999 ORDER.
 IV. THE EXTREME SANCTION OF DISMISSAL WITH PREJUDICE WAS NOT JUST UNDER THE CIRCUMSTANCES.
 V. THE HEARING ON THE MOTION FOR SANCTIONS WAS CONDUCTED WITHOUT ADEQUATE OR TIMELY NOTICE SO AS TO VIOLATE DUE PROCESS AND THE [sic] WAS HELD WITHOUT GIVING THE PLAINTIFF AN OPPORTUNITY TO RESPOND IN WRITING.
We first address the fifth assignment of error because it is dispositive of this appeal.
Star Bank argues that receipt of a notice to appear at a hearing of less than one-half hour before that hearing is not adequate notice. Moreover, it violates local rules which allow a party seven days to respond to a written motion. We agree.
In Hillabrand v. Dypers Corp. (2000), 87 Ohio St.3d 517, 721 N.E.2d 1029, the court concluded that when the judge granted the defendant's Civ.R. 37 motion for sanctions two days after the motion was filed, the judge did not allow Hillabrand sufficient time to contest the motion. Citing Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46,684 N.E.2d 319, syllabus, the court noted that Civ.R. 41(B)(1) permits a judge to dismiss an action with prejudice for failure to comply with a court order only after the claimant receives notice that dismissal is a possibility and the claimant has a reasonable opportunity to defend against dismissal. Hillabrand, 87 Ohio St.3d at 518. Civ.R. 41(B)(1) applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for the failure to comply with discovery orders. Id., citing Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99, 101,488 N.E.2d 881, 883; Sazima v. Chalko (1999), 86 Ohio St.3d 151,712 N.E.2d 729.
As the court pointed out, Civ.R. 6(D) provides that [a] written motion, other than one which may be heard ex parte, and notice of the hearing therefor shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court. In addition, Civ.R. 7(B)(2) gives a trial court the authority to enact a local rule modifying the seven-day period between the filing and hearing of a motion under Civ.R.6(D). Hillabrand,87 Ohio St.3d at 519.
In pertinent part, Cuyahoga Cty., Gen. Div., Loc.R. 11(B), requires a party opposing a motion, except one for summary judgment, to serve and file within seven days a brief written statement of the reasons in opposition to the motion and a list of citations of authorities the party relies upon to support its view. As the court held in Hillabrand, [a] `reasonable opportunity to defend against dismissal' under Quonset contemplates that a trial court allow the party opposing dismissal the opportunity to respond at least within the time frame allowed by the procedural rules of court. 87 Ohio St.3d at 519-520. Therefore, a judge must allow the party opposing dismissal the opportunity to respond at least within the seven days allowed under Loc.R. 11(B).
As this court noted above, the Summers certified service of the motion for sanctions upon all counsel and parties on February 17, 1999 by regular U.S. Mail, even though they certified service of the notice of hearing by facsimile.[3] Given the seven day response time provided under Loc.R. 11(B), and including the three additional days allowed by Civ.R. 6(E) for service of the motion by mail, Star Bank had until Monday, March 1, 1999 to respond in writing to the motion for sanctions. Forty-four minutes falls far short of this procedurally allowed time. Star Bank's fifth assignment of error is sustained.
Because our determination of Star Bank's fifth assignment of error necessarily renders its first through fourth assignments of error moot, we will not address their merits. App.R. 12(A)(1)(c).
It is ordered that the parties shall bear their own costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, P.J., CONCUR; PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY.
[1] See Civ.R. 37(E) which requires a party requesting an order to compel discovery to provide a statement reciting the efforts made to resolve the matters in accordance with this section. [Emphasis added.] See, also, Cuyahoga Cty., Gen. Div., Loc.R. 11(F) which prohibits a judge from considering a discovery motion filed under Civ.R. 26 through Civ.R. 37 unless the party seeking discovery, where an objection or opposition is made, provides the court with a statement indicating that the parties have engaged in personal consultation and the party seeking discovery has made sincere attempts to resolve differences. The statement must set forth those matters which remain in dispute, and in addition, the date, time and place of such conference, and the names of all participating parties. Counsel for the party seeking discovery must initiate the personal consultation.
[2] The judge allowed Star Bank's counsel to retrieve his file from his office, counsel having raced across the street to make the meeting.
[3] Star Bank's counsel acknowledged, and the Summers defendants do not contest, that he received a faxed courtesy copy of the motion along with service of the notice of hearing at 1:16 p.m.