DECISION AND JUDGMENT ENTRY
This is an appeal from a Meigs County Court judgment dismissing the complaint of Timothy Thomas, plaintiff below and appellant herein, filed against Farmers Bank and Savings Company, defendant below and appellee herein.
Appellant raises the following assignment of error:
 "THE TRIAL COURT ERRED BY GRANTING DEFENDANT FARMERS' MOTION TO DISMISS."
On May 5, 2000, appellant filed a complaint against appellee, Dawn Hawley, and four John Does. Appellant's complaint alleged two conversion claims against appellee. Appellant's complaint further alleged that Dawn Hawley and the John Does forged appellant's signature and asserted a cause of action for conversion and fraud.
On July 18, 2000, appellee filed a motion to dismiss. In its motion, appellee claimed that appellant failed to bring his causes of action for conversion within the applicable statute of limitations. Two days later, on July 20, 2000, the trial court granted appellee's motion to dismiss and dismissed the "cause of action."[1]
On July 26, 2000, appellant filed a motion for relief for judgment. Appellant argued that he was entitled to relief from judgment because the trial court failed to afford him an adequate opportunity to oppose the motion to dismiss. On August 21, 2000, appellant filed a notice of appeal.
In his sole assignment of error, appellant asserts that the trial court erred by dismissing the complaint without affording appellant a reasonable opportunity to oppose appellee's dismissal request. We agree with appellant.
In Hillabrand v. Drypers Corp. (2000), 87 Ohio St.3d 517,721 N.E.2d 1029, the Ohio Supreme Court stated that "[a] `reasonable opportunity to defend against dismissal' * * * contemplates that a trial court allow the party opposing dismissal the opportunity to respond at least within the time frame allowed by the procedural rules of the court." Id., 87 Ohio St.3d at 519-20, 721 N.E.2d 1029. In the case at bar, Meigs County Local Rule 10.01[2] sets the time for submitting and hearing motions. The rule affords a party opposing a motion to respond within fourteen days after the day the motion was filed. The trial court, by granting the dismissal request two days after appellee filed its motion, did not provide appellant an adequate opportunity to respond to the motion within the time frame set forth in the Local Rules. Thus, we believe that appellant did not have a reasonable opportunity to defend against the dismissal request.
Accordingly, based upon the foregoing reasons, we sustain appellant's sole assignment of error and reverse the trial court's judgment. We remand this cause for further proceedings consistent with this opinion. We note that our decision should not be construed as a comment on the merits of appellant's claim.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and the cause remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ Peter B. Abele, Presiding Judge.
Harsha, J. Evans, J. Concur in Judgment Opinion.
[1] We note that the trial court dismissed appellant's claims against the other defendants, even though the other defendants did not file a motion to dismiss. Ordinarily, a trial court should not sua sponte
dismiss a complaint against a party who did not move for dismissal. SeeState ex rel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995),72 Ohio St.3d 106, 108, 647 N.E.2d 799. If the trial court sua sponte
dismisses a complaint, however, the court must provide the parties adequate notice of its intention. In Edwards, the Ohio Supreme Court stated:
 "The Rules of Civil Procedure neither expressly permit nor forbid courts to sua sponte dismiss complaints. Generally, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. * * * However, some courts have recognized an exception to the general rule, allowing sua sponte dismissal without notice where the complaint is frivolous or the claimant obviously cannot possibly prevail on the facts alleged in the complaint. * * *."
Id. (Citations omitted.)
[2] The rule states:
 All motions shall be accompanied by a brief or memorandum stating the grounds thereof and citing the authorities relied upon. The opposing party may file
an answer brief by the fourteenth (14th) day after the day on which the motion was filed. The moving party may file a reply brief by the twenty-first (21st) calendar day after the motion was filed. Thereafter, the motion shall be deemed submitted for non-oral hearing.