OPINION
The plaintiffs in this matter, Donegal Mutual Insurance Co., David F. Nearon, and Susan K. Nearon, are appealing from the trial court's decision entered on June 1, 2001, sua sponte dismissing their case with prejudice.
On May 31, 2001, at 2:17 p.m., the trial court filed and faxed to attorneys for the respective parties the following notice of intent to dismiss:
 This matter came before the Court upon its own review of the file wherein there has been no apparent compliance by counsel for the Plaintiffs with the Scheduling Order filed herein on October 26, 2000 regarding matters to be completed prior to trial. This matter was originally filed in May, 1997 with various trial dates set and later vacated; this matter has previously been voluntarily dismissed on one occasion by the Plaintiffs; after refiling, an agreed trial date of June 4 to 6, 2001 was established with various deadlines established for the filing of pretrial exhibits and pleadings.
The Code of Judicial Conduct requires the completion of this case within various guidelines (which have been surpassed) and counsel for the Plaintiff has not acted to bring this matter to conclusion within the approaching deadline or within the requirements of this Court's Scheduling Order.
Therefore, the Court hereby issues Notice of its Intent to Dismiss this matter for failure to prosecute on or before June 4, 2001 at 8:30 a.m. unless counsel for plaintiff files a suitable response with the Court before June 1, 2001 at 4:00 p.m. Defendant's counsel may also comment via pleadings to the Court. Filing is permitted by sending a facsimile copy to the court at 937-547-7323 after which it will be filed with the Clerk of Courts (with the original to be sent by counsel to the Clerk by ordinary U.S. Mail). Counsel may wish to provide a telephone contact number for receiving the Court's decision over the weekend. If dismissed, costs will be taxed to the Plaintiffs.
The above notice was sent pursuant to Civ.R. 41(B)(1) which provides that:
 "where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of the defendant or on its own motion may, after notice to the plaintiff's counsel dismiss an action or claim." (Emphasis supplied). The Supreme Court of Ohio has held that a dismissal with prejudice under the above rule is proper only "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." (Emphasis added). Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, syllabus. For a trial court to allow a response time shorter than seven days allowed by the civil rules in response to a motion or, in the alternative, a local rule setting forth an even longer time to respond, is an abuse of discretion. Hillabrand v. Drypers Corp. (2000), 87 Ohio St.3d 517 . Clearly, the trial court here erred in allowing a mere twenty-four hours for a response to the notice of intent to dismiss. On this issue alone the judgment of dismissal would be reversed.
However, we do not need to decide the case on that issue since, amazingly, counsel for the plaintiffs did indeed file with the court, by fax, within the twenty-four hour period allowed, all of the documents which the court was requiring. Counsel for defendant, who was equally guilty of failing to follow the court's prior orders, also filed within the time allowed its documents required by the previous orders of the court.
Nevertheless, on June 1 at 4:04 p.m., the trial court filed its judgment entry of dismissal, noting all of the past failures of counsel for plaintiffs to comply with the previous court orders. In so dismissing the case with prejudice, the court filed a thoughtful and carefully reasoned judgment entry which expressed the court's frustration with the lengthy delays in the process caused by counsel for the plaintiffs. We are very sympathetic to the trial court's position in this matter as delays were caused actually by counsel for all parties, but the court could legitimately focus on failure of counsel for plaintiffs to comply with the previous orders of the court. However, we know of no authority which would support the ultimate sanction of dismissal with prejudice by a trial court after counsel for the plaintiffs have complied in full with the court's prior notice of intent to dismiss. The documents filed by plaintiffs' counsel are in the record, and it is not contested that they were timely filed for the deadline set by the trial court in its May 31 notice.
We would not question a trial court's entry of the ultimate sanction of dismissal with prejudice where the plaintiff has been duly notified with intent to dismiss, is given a reasonable time (whatever time is allowed by state or local rule to respond to motions) to respond, and does not timely respond. That is not this case, however. The judgment is reversed, the dismissal is vacated, and the case is remanded for further proceedings not inconsistent with this decision.
BROGAN, J., FAIN, J., and YOUNG, J., concur.