OPINION
{¶ 1} Defendant-appellant, Bonnie A. McCallister, appeals from the December 28, 2001 judgment entry of the Franklin County Court of Common Pleas entering judgment in favor of plaintiff-appellee, Gloria Jean Leopard, D.V.M. (f/k/a Gloria Jean Simmerman, D.V.M.), and against appellant. For the reasons that follow, we affirm.
 {¶ 2} This case arose from a dispute over the alleged failure to refund appellee's security deposit and prorated rent for the last month of a lease of appellant's property. On May 26, 1999, appellee filed a complaint in small claims court. Appellant filed an answer and counterclaim, alleging appellee had damaged the leased premises and defamed appellant. The counterclaim sought damages in excess of the jurisdictional limit, resulting in the transfer of the case to the common pleas court. On December 14, 2000, appellee served interrogatories and document requests on appellant. When appellant failed to respond to the discovery requests, appellee filed a motion to compel discovery on February 2, 2001. Appellant did not file a response to the motion to compel. The trial court conducted a status conference on February 20, 2001, and appellant failed to appear. On February 27, 2001, the trial court issued a decision and journal entry granting the motion to compel and ordering appellant to answer appellee's interrogatories and requests for production of documents no later than March 16, 2001. The trial court also set a hearing for March 21, 2001, concerning appellee's request for an award of reasonable expenses, including attorney fees in connection with the preparation and filing of the motion to compel.
 {¶ 3} On March 21, 2001, appellee's counsel appeared before the trial court for the scheduled hearing, but appellant failed to appear. On March 27, 2001, the trial court awarded appellee $422.10 as expenses, including reasonable attorney fees, in connection with the preparation and filing of the motion to compel.
 {¶ 4} Also, on March 21, 2001, appellee filed a separate motion, pursuant to Civ.R. 37, for sanctions against appellant for failure to comply with discovery. The motion requested a default judgment, dismissal of appellant's counterclaim, and all relief sought in appellee's complaint, including payment of appellee's expenses and reasonable attorney fees. Appellant did not respond to the motion for sanctions.
 {¶ 5} On May 23, 2001, still having received no response to the discovery requests or the motion for sanctions, the trial court issued a decision, order and judgment entry in which it granted appellee's motion for default judgment, dismissed the counterclaim, granted appellee's motion for an award of expenses, and referred the matter to a magistrate for a hearing to determine damages and reasonable expenses, including attorney fees to be awarded appellee. On May 29, 2001, the trial court issued an order of reference and notice of hearing, setting the matter for hearing before a magistrate.
 {¶ 6} All parties appeared before the magistrate on June 27, 2001. The magistrate ruled inadmissible certain testimony and documents appellant sought to admit. The magistrate reasoned that it would be fundamentally unfair to admit evidence based on information that had been withheld from appellee until that date.
 {¶ 7} On July 2, 2001, the magistrate rendered and filed his decision regarding damages and sanctions. The magistrate awarded appellee $1,500 for the unreturned security deposit; $1,500 as double damages, pursuant to R.C. 5321.16; $267.67 for the unreturned prorated rent for the final month of the tenancy; and $4,047.22 as reasonable attorney fees and expenses. Appellant filed objections to the magistrate's report, and appellee responded. On December 14, 2001, the trial court issued a decision overruling appellant's objections and adopting the magistrate's decision. Although the record shows that appellant requested a transcript, there is no evidence appellant ever paid for a transcript and it appears from the trial court's decision that appellant never obtained a transcript of the hearing before the magistrate or requested a continuance in order to obtain the transcript.
 {¶ 8} This appeal followed, with appellant assigning as error the following four assignments of error:
 {¶ 9} "A. The court below committed reversible error by granting default judgment to appellee on her claim and appellant's counterclaim.
 {¶ 10} "B. The court below committed reversible error by failing to consider appellee's [sic] evidence at hearing.
 {¶ 11} "C. The court below committed reversible error by granting damages to appellee.
 {¶ 12} "D. The court below committed reversible error by granting attorney fees for the entirety of the action."
 {¶ 13} In her first assignment of error, appellant argues the trial court erred in granting appellee's Civ.R. 37 motion for sanctions, granting a default judgment, and dismissing the counterclaim without a hearing or notice to appellant, and without a finding of bad faith or willful misconduct. We disagree with appellant's characterization of what occurred in this case.
 {¶ 14} Civ.R. 37(B)(2) states that, "[i]f any party * * * fails to obey an order to provide or permit discovery, * * * the court * * * may make such orders in regard to the failure as are just, [including]: * * * (c) An order * * * dismissing the action * * * or rendering a judgment by default against the disobedient party[.]"
 {¶ 15} Civ.R. 41(B)(1) provides:
 {¶ 16} "* * * Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." (Emphasis added.)
 {¶ 17} In Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99, the Ohio Supreme Court held that "the notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice * * *. A dismissal on the merits is a harsh remedy that calls for the due process guarantee of prior notice." (Emphasis sic.)
 {¶ 18} In Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, the Ohio Supreme Court rejected the notion that the trial court must expressly and unambiguously give actual notice of its intention to dismiss with prejudice. Instead, the Ohio Supreme Court determined that the fact that the defendant's Civ.R. 37 motion requesting the court to dismiss the plaintiff's claim with prejudice constituted sufficient notice for purposes of Civ.R. 41(B)(1). The Ohio Supreme Court recognized that dismissal with prejudice is proper only "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Id. at syllabus.
 {¶ 19} More recently, the Ohio Supreme Court determined, in Hillabrand v. Drypers Corp. (2000), 87 Ohio St.3d 517, that before granting dismissal, the party against whom the sanction is sought must have a reasonable opportunity to defend against dismissal before the trial court dismisses the action.
 {¶ 20} Here, appellee's March 21, 2001 motion was sufficient to put appellant on notice that the case would be dismissed if appellant did not respond or produce the requested discovery. As of May 23, 2001, appellant had not responded to the motion, and, accordingly, the trial court did not abuse its discretion in dismissing the action.
 {¶ 21} In addition, the trial court's May 23, 2001 order contained a finding that appellant's behavior was willful and done in bad faith. The first assignment of error is not well-taken.
 {¶ 22} In her second, third and fourth assignments of error, appellant takes issue with certain rulings by the magistrate at the hearing on damages and sanctions. Unfortunately for appellant, she failed to file a transcript of the hearing before the magistrate or a statement of the evidence pursuant to App.R. 9(C). In Columbus v. Hodge (1987),37 Ohio App.3d 68, at 68-69, this court held:
 {¶ 23} "The duty to provide a transcript for appellate review falls upon the appellant. This is so because an appellant bears the burden of showing error by reference to the matters in the record. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm. * * * In addition, in the absence of all the relevant evidence, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. It is the appellant's responsibility to include all the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. * * *"
 {¶ 24} In the absence of a transcript or App.R. 9(C) statement, this court cannot say the decision to award damages and attorney fees was incorrect as a matter of law or against the weight of the evidence, and we must presume the validity of the judgment of the trial court. The second, third and fourth assignments of error are not well-taken.
 {¶ 25} Based on the foregoing, appellant's four assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and DESHLER, JJ., concur.