JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Robert Zeidler and the Westworth Companies of Northern Ohio, Inc., appeal from the judgment of the trial court dismissing their complaint with prejudice for failure to comply with the court's order regarding an accounting. Appellants contend that the trial court abused its discretion in granting the motion to dismiss because they were not afforded an opportunity to respond to the motion within the time provided by Loc.R. 11(C) of the Cuyahoga County Court of Common Pleas. Appellants also contend that the trial court abused its discretion in dismissing the Westworth Companies' claims because only Zeidler was ordered to comply with the trial court's order regarding the accounting. We agree and, therefore, reverse the judgment of the trial court and remand for further proceedings.
 {¶ 2} The record reflects that this case arose out of appellant's construction and renovation work for appellees Daniel D'Agostino and WD Partners I, LLC ("WD"), on a bar known as "Eve." When appellees could not pay appellants for their services, the parties agreed that Zeidler would become a one-half equity owner in WD and further, that appellants would have a security interest in the assets of WD.
 {¶ 3} In their complaint, appellants alleged that although Zeidler initially had full access to the business records of WD, at some point D'Agostino refused Zeidler any further access to the records. Additionally, appellants alleged that D'Agostino improperly took money from the business for personal use and diverted profits so as to not pay appellants. D'Agostino eventually locked Zeidler out of the business and in August 2003, appellants brought suit.
 {¶ 4} In September 2003, the trial court granted appellants' motion for a temporary restraining order preventing D'Agostino from acting on behalf of WD or engaging in any corporate decisionmaking regarding WD, and prohibiting him from being on the premises of the bar. Pursuant to the order, Zeidler obtained exclusive control of the business.
 {¶ 5} The business eventually failed, however, and on January 16, 2004, the trial court entered an order for an accounting of the business:
 {¶ 6} "The TRO granted 9/19/2003 is hereby dissolved. The court orders a complete accounting of the business known as "Eve." The court finds that plaintiff has made a contribution in the approximate amount of $175,000; therefore, both parties are ordered to cooperate in the dissolution of the business and sale of assets. Any sales are to conform with fair market values, going to the highest bidder. As litigation remains pending, this court retains jurisdiction over ongoing negotiations."
 {¶ 7} As the case continued, the parties filed competing motions to disqualify counsel and motions for default judgment. On June 10, 2004, appellants' counsel filed a notice of withdrawal. On June 24, 2004, the trial court entered an order setting discovery cutoff and trial dates, and setting another pretrial for July 6, 2004.
 {¶ 8} On July 9, 2004, the trial court entered an order regarding what transpired at the July 6, 2004 pretrial. The court stated:
 {¶ 9} "Pretrial held 7/06/04. Plaintiff corporation has retained counsel. Plaintiff Zeidler has reaffirmed his intent to proceed pro se. Depositions have been scheduled to take place in the office of defense counsel on the following dates: 7/26/2004 @9 AM; 7/29/2004 @11 AM; 8/04/2004 @9AM. All parties have agreed to these dates. Plaintiff has been ordered to comply with this court's order of 1/16/2004, providing defendant and this court with a complete accounting of the business (including, but not limited to, records, inventory, employee information, tax information, revenue information, furniture, fixtures, physical assets, etc.) no later than 7/16/2004. Failure to comply with this order shall result in the dismissal of plaintiffs' claims."
 {¶ 10} The record reflects that Zeidler filed an accounting with the court on July 16, 2004. On July 19, 2004, however, D'Agostino filed a motion to dismiss appellants' claims pursuant to the trial court's order because he had not received an accounting from appellant. Subsequently, on July 22, 2004, D'Agostino filed a supplemental motion to dismiss. In this motion, D'Agostino informed the court that he had finally received Zeidler's notice of accounting on July 20, 2004. D'Agostino noted, however, that although the certificate of service signed by Zeidler averred that he had mailed the notice of accounting on July 16, 2004, the U.S. Postal Service stamp on the envelope indicated that Zeidler had actually not mailed the accounting until July 19, 2004.
 {¶ 11} D'Agostino argued further that Zeidler's accounting was incomplete, despite the trial court's order that he provide a "complete accounting" of the business. Specifically, D'Agostino alleged that Zeidler had omitted the sale of $500 worth of items, including stanchions, a sign, coat hangers, and floor mats, which were sold by Zeidler to other bar owners while he had exclusive control of the business pursuant to the court-ordered TRO.[1] In addition, D'Agostino noted that the accounting failed to account for numerous other items, such as glasses, tables, chairs, sinks, phones, light fixtures, garbage cans, floor mats, carpeting, and the contents of the safe, and did not include any corporate records or sales receipts. D'Agostino asserted that it was apparent that Zeidler had improperly disposed of or converted assets while he was in control of the business, but was attempting to hide his mishandling of the corporate property.
 {¶ 12} On July 26, 2004, the trial court entered an order dismissing the case because of appellants' failure to comply with its order for a complete accounting:
 {¶ 13} "Plaintiffs have failed to comply with this court's order of 7/09/2004 requiring plaintiffs to provide both defendant and this court with a complete accounting of the business known as Eve no later than 7/16/2004. Although a notice of accounting was filed with the clerk on 7/16/2004, defendant was not provided with the accounting until days later (defendant has provided this court with a copy of the date stamp on the mail received, dated by the U.S. Postal Service 7/19/2004). Due to the pendency of several depositions scheduled to take place within the next week, defendant has been prejudiced by this delay. Defendant has also been prejudiced by plaintiffs' failure to provide a complete accounting as directed by this court. Therefore, in accordance with this court's order of 7/09/2004, plaintiffs' complaint is hereby dismissed with prejudice. Final."
 {¶ 14} It is from this order that appellants now appeal.
 {¶ 15} In their first assignment of error, appellants argue that Zeidler's complaint should not have been dismissed because the trial court did not give him adequate time to respond to D'Agostino's motion to dismiss.
 {¶ 16} The Ohio Supreme Court has held that Civ.R. 41(B)(1) permits a trial court to dismiss an action for failure to comply with a court order, but only after notice to plaintiff's counsel. Hillabrand v.Drypers Corp. (2000), 87 Ohio St.3d 517, 518. Dismissal with prejudice is proper only "when counsel has been informed that dismissal is a possibility and has had reasonable opportunity to defend against dismissal." Id., quoting Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, syllabus. "A `reasonable opportunity to defend against dismissal' under Quonset contemplates that a trial court allow the party opposing dismissal the opportunity to respond at least within the time frame allowed by the procedural rules of the court." Id. at 520. Thus, inHillabrand, supra, the Ohio Supreme Court held that the trial court erred in granting the defendant's motion for sanctions two days after the motion was filed, where the local rules of court allowed the party opposing the motion fourteen days to respond to the motion.
 {¶ 17} Here, Loc.R. 11(C) of Cuyahoga County Common Pleas Court, General Division, provides that each party opposing a motion, except one for summary judgment, shall serve and file within seven days thereafter, a brief written statement of the reasons in opposition to the motion. In addition, Civ.R. 6(E) provides that when a motion has been served by mail, as was D'Agostino's motion to dismiss, the party is afforded an additional three days to respond.
 {¶ 18} The record reflects that D'Agostino filed his motion to dismiss on July 19, 2004 and his supplemental motion to dismiss on July 22, 2004. Thus, Zeidler should have had until at least July 29, 2004 to respond to the motion to dismiss. When the trial court entered its order on July 26, 2004, granting the motion, it did not allow Zeidler an opportunity to respond within the time frame allowed by the procedural rules. Thus, pursuant to Hillabrand, supra, Zeidler did not have a "reasonable opportunity to defend against the dismissal."
 {¶ 19} Contrary to Zeidler's argument, however, we find no requirement that the trial court hold a hearing before granting a motion to dismiss. Moreover, we find Zeidler's argument that he was not aware of the trial court's order because it was not mailed to him rather disingenuous. The record reflects that he attended the pretrial on July 6, 2004, during which the trial court ordered him to provide a complete accounting of the business by July 16, 2004, and, further, that he filed a "notice of accounting" on July 16, as ordered by the court. Accordingly, it is apparent that Zeidler was aware of the court's order. Likewise, we are not persuaded by appellants' argument that D'Agostino was not prejudiced by an obviously incomplete accounting. The fact that no depositions were noticed for the week following does not demonstrate that D'Agostino was not prejudiced by Zeidler's failure to provide a complete accounting of the business. The trial court apparently believed that, in contravention of its order, Zeidler had purposely withheld information regarding his disposition of corporate assets to the obvious prejudice of D'Agostino.
 {¶ 20} Nevertheless, because we are bound by the Supreme Court's holding in Hillabrand, we conclude that the trial court erred in not allowing Zeidler ten days to respond to D'Agostino's motion to dismiss. Appellants' first assignment of error is therefore sustained.
 {¶ 21} In their second assignment of error, appellants contend that the trial court erred in dismissing the Westworth Companies' complaint because only Zeidler had been ordered to provide the accounting and Zeidler's misconduct should not impact Westworth.
 {¶ 22} Despite D'Agostino's argument that both appellants were ordered to provide the accounting, the journal entry orders "plaintiff" (singular) to provide an accounting. We agree that one plaintiff's malfeasance should not affect the claims of another plaintiff. Moreover, as discussed above, even if the order for an accounting had included both plaintiffs, the Westworth Companies should have been afforded at least ten days, as provided by the civil rules, to respond to D'Agostino's motion to dismiss. Appellants' second assignment of error is therefore sustained.
Reversed and remanded.
This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellants recover from appellees costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Corrigan, J., concur.
[1] D'Agostino only learned of this sale when he happened to recognize a set of stanchions and a sign in front of another bar on West 6th Street in Cleveland. Upon speaking with the owner, he learned that the owner had purchased the items from Zeidler after Zeidler had invited him and other bar owners to browse through "Eve" and purchase company property. Zeidler never informed D'Agostino, or the court, of this sale.