[Cite as *Allstate Ins. Co. v. Wiant*, 2018-Ohio-1256.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | : | |
| | : | CASE NO. CA2017-09-019 |
| Plaintiffs-Appellants, | : | O P I N I O N |
| | : | 4/2/2018 |
| - vs - | : | |
| | : | |
| HEIDI M. WIANT, et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

CIVIL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. 2009 CVE 0448

Kreiner & Peters Co., LPA, Todd W. Smith, 6047 Frantz Road, Suite 203, Dublin, Ohio 43017, for plaintiffs-appellants, Allstate Insurance Co. and Pagle Helterbrand

Cooke Demers, LLC, David J. Demers, 260 Market Street, Suite F, New Albany, Ohio 43054, for defendants-appellees, Heidi M. Wiant and Midwest Express, Inc.

**PIPER, J.**

{¶ 1} Plaintiff-appellant, Allstate Insurance Co., appeals a decision of the Madison County Court of Common Pleas granting relief from judgment in favor of defendants-appellees, Heidi Wiant and Midwest Express, Inc. ("Defendants").

{¶ 2} Allstate filed a complaint for subrogation and perfected service on the relevant

parties. After receiving no response from Defendants, Allstate moved for and was granted default judgment. The trial court entered judgment against Defendants for the subrogation amount of $5,934.28. Two months later, Defendants filed a motion for relief from judgment, which was served on Allstate via regular mail.

{¶ 3} Four days after the motion was filed, which was also the same day that Allstate received the motion via regular mail, the trial court granted the motion. As such, Allstate did not have an opportunity to respond to the motion for relief from judgment. Allstate now appeals the trial court's decision, raising the following assignment of error:

{¶ 4} THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED IN GRANTING APPELLEES' MOTION FOR RELIEF FROM JUDGMENT BECAUSE THE COURT GRANTED SAID MOTION WITHOUT AFFORDING APPELLANTS A REASONABLE OPPORTUNITY TO RESPOND UNDER LOCAL RULE 5.1

{¶ 5} Allstate argues in its assignment of error that the trial court erred by granting the motion for relief from judgment without first giving Allstate an opportunity to respond.

{¶ 6} According to the Madison County Court of Common Pleas Local Rule 5.1, "motions shall be decided on the filings without oral argument fourteen days or more after service of the motion on the opposing party." Due process issues are raised should a party be deprived of an opportunity to respond to a motion by a failure of the trial court to abide by the timing set forth in the local rule. *Hillabrand v. Drypers Corp.*, 87 Ohio St.3d 517 (2000). A reasonable opportunity to defend "contemplates that a trial court allow the party opposing [a motion] the opportunity to respond at least within the time frame allowed by the procedural rules of the court." *Id.* at 520.

{¶ 7} The record indicates that Defendants' motion for relief from judgment was filed on September 7, 2017. On September 11, 2017, the trial court granted the motion without waiting the 14 days as provided for in the local rule. Nor did the trial court wait for Allstate to

- 2 -

be served and afforded the opportunity to at least respond to the motion.

{¶ 8}    While the relief from judgment order did not dispose of the case, the record is clear that Allstate was prejudiced by not being afforded the opportunity to defend against relief from judgment after it had secured a valid default judgment.  On remand, Allstate will be given the opportunity to respond to Defendants' motion for relief from judgment, and the trial court can then decide the merits of the motion and Allstate's arguments in opposition. Accordingly, Allstate's single assignment of error is sustained.

{¶ 9}    Judgment reversed and the cause is remanded for further proceedings.


HENDRICKSON, P.J., and M. POWELL, J., concur.