**McGLONE, Appellant,**

**v.**

**GRIMSHAW, Appellee.**

[Cite as *McGlone v. Grimshaw* (1993), 86 Ohio App.3d 279.]

Court of Appeals of Ohio,
Scioto County.

No. 2065.

Decided Feb. 10, 1993.

*Mark A. Leventhal,* Assistant Prosecuting Attorney, for appellee.

*Curtis McGlone, pro se.*

---

PETER B. ABELE, Judge.

This is an appeal from a judgment entered by the Scioto County Common Pleas Court dismissing a complaint filed by Curtis McGlone, plaintiff below and appellant herein, against Lynn Alan Grimshaw, defendant below and appellee herein.

Appellant assigns the following errors:

First Assignment of Error:

"It was error for the court to rule on defendant's motion to strike before the time specified in Rule 6(D) of the Ohio Rules of Civil Procedure."

Second Assignment of Error:

"It was error for the court to hold a hearing on a motion to dismiss when by the court's own logic an document entitled answer does not constitute a motion regardless of its contents which it did when it granted the motion to strike the plaintiff's response to defendant's answer thereby granting a motion which it held did not exist." [*Sic.*]

Third Assignment of Error:

"The court erred in dismissing the replevin action when it was undisputed that the property being sought was the legal property of the plaintiff and that the defendant had no legal claim to its possession."

On November 3, 1989, while executing a search warrant on a Portsmouth residence, members of the Portsmouth Police Department seized items used to convict appellant of aggravated trafficking in drugs. During the search the police officers also seized a .32 caliber revolver. On March 2, 1992, appellant filed the instant complaint seeking replevin of the revolver and $5,000 in damages. The complaint provided, in full, as follows:

"The plaintiff is the owner of the following enumerated goods and is entitled to repossession of these goods and/or chattels which are wrongfully detained and has been wrongfully distrained or taken from him said goods and chattels by the defendant, his agents and employees, plaintiff having been found not guilty of possession of a firearm under disability and said revolver not being stolen nor used in the commission of any crime nor is it evidence in any criminal proceedings against him.

"Plaintiff states that on or about November 3, agents of the defendant seized a 32–caliber revolver from the premises of the plaintiff and turned said revolver over to the defendant. Said revolver has not been returned to him. The goods seized are:

"1 32–caliber revolver valued at $275

"WHEREFORE plaintiff seeks recovery or compensation for the property seized and retained illegally by the above party and damages of $5,000 plus interest and such other relief as the court may deem just and equitable. Plaintiff seeks trial by jury on all facts triable by jury under law."

When answering the complaint, appellee admitted that the revolver had been removed from appellant's possession on November 3, 1989. Appellee further admitted that the trial court had found appellant not guilty of knowingly acquiring or having a firearm while under a disability. Appellee raised several affirmative defenses, including (1) that appellee is immune from suit for monetary damages; (2) that appellant had been previously convicted of trafficking in marijuana; (3) that appellant was convicted of aggravated trafficking in marijuana; (4) that appellant is currently in the custody of the Ohio Department of Rehabilitation and Corrections facility in Chillicothe, Ohio; and (5) that R.C. 2923.13(A)(3) bars appellant from the relief he seeks. At the conclusion of his answer, appellee moved the court as follows for an order dismissing the complaint:

"Now having fully answered plaintiff's complaint defendant moves the Court for an order dismissing plaintiff's complaint, with costs being assessed to plaintiff."

On April 8, 1992, appellee filed a motion to strike appellant's reply to the answer. We note that appellant's reply, captioned "Plaintiff's Reply To Defendant's Answer," bears a date stamp of April 10, 1992, two days after the motion to strike. On April 10, 1992, the trial court heard the motion to strike and entered judgment granting the motion and striking the reply from the files of the case. On April 16, 1992, appellant filed a memorandum opposing the motion to strike. On April 17, 1992, appellant filed a supplement to the memorandum.

On April 17, 1992, appellant filed a motion urging the court to reconsider the April 10, 1992 judgment entry striking the reply. Appellant argued that the judgment entry had been filed just two days after the motion to strike. The court has not ruled on the motion for reconsideration.

On April 27, 1992, the trial court entered final judgment as follows:

"This matter came on for hearing the 24th day of April, 1992, upon defendant's motion to dismiss.

"Upon review said motion to dismiss is well taken and the same is hereby sustained. Matter dismissed. Plaintiff's costs."

Appellee filed a timely notice of appeal from the April 27, 1992 dismissal entry.

## I

In his first assignment of error, appellant asserts that the trial court erred by ruling on appellee's motion to strike prior to the time specified in Civ.R. 6(D). Appellant claims that appellee filed the motion to strike on April 8, 1992, and that the court ruled on the motion two days later on April 10, 1992. Civ.R. 6(D) provides in pertinent part:

"(D) Time: motions. A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application."

Appellant claims that appellee showed no cause to justify granting an *ex parte* application to hear appellee's motion to strike sooner than seven days after its filing.

Appellee notes that Civ.R. 6(D) permits the court to modify the seven-day period of time between the filing and the hearing of a motion. Appellee further notes that Civ.R. 7(B)(2) gives the trial court the authority to hear appellee's motion to strike without an oral hearing. Civ.R. 7(B)(2) provides:

"To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements or reasons in support and opposition."

Appellee argues that the trial court did not abuse its discretion by hearing the April 8, 1992 motion to strike *ex parte* on April 10, 1992.

In the case *sub judice*, the record reveals no Civ.R. 7(B)(2) ruling or order whereby the court made provision for the submission of appellee's motion to strike without an oral hearing. The court granted appellee's motion to strike the reply just ninety-one minutes after the reply was filed. Appellant had no notice that the court would hear the motion. The court heard the motion without waiting for the response appellant filed six days later.

In *In re Foreclosure of Liens v. Swaney* (May 11, 1992), 79 Ohio App.3d 766, 771, 607 N.E.2d 1160, 1164, the court commented that although the court may set a different Civ.R. 6(D) period of time between the motion filing and the motion hearing, the party against whom the motion is made "is entitled to sufficient notice and time to prepare for the hearing in order to avoid undue prejudice." In

the case *sub judice,* we find that appellant received no notice, and had no time to prepare for the hearing. We further find the court made no order varying the Civ.R. 6(D) time period between the filing of the motion and the hearing on the motion.

Accordingly, based upon the foregoing reasons, we sustain appellant's first assignment of error.

## II

In his second assignment of error, appellant asserts that the court erred by holding a hearing on what the court described as appellee's "motion to dismiss." Appellant argues that the last sentence in appellee's answer did not constitute a motion to dismiss, but was merely part of his answer. Appellant further argues that the fact the court struck appellant's reply to the answer demonstrates that the answer was only an answer.

Civ.R. 12(B) gives defendants the option of asserting certain defenses in either an answer or in a separate motion. The rule provides in pertinent part:

"(B) How presented. Every defense, in law or fact, to a claim, * * * counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief may be granted, (7) failure to join a party under Rule 19 or Rule 19.1. * * * "

In the last sentence of his answer, appellee requested the court to dismiss appellant's complaint. Although appellee included no reason for dismissal in his one-sentence request, when we view appellee's answer as a whole, it is clear appellee made the request pursuant to Civ.R. 12(B)(6). In his answer appellee included a standard "plaintiff fails to state a cause of action upon which a claim can be made" Civ.R. 12(B)(6) affirmative defense. Appellee additionally stated that R.C. 2923.13(A)(3) bars the relief appellant seeks.

Civ.R. 12(B) gave appellant the option of including his dismissal request in his answer or in a separate motion. Whether we construe the request as part of the answer or as a separate motion, the result is the same. The court may hear the request. The court may also rule on the request. Appellant cites no authority to the contrary.

Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.

## III

In his third assignment of error, appellant asserts that the trial court erred by dismissing the complaint. Appellant argues that appellee did not dispute the fact that the revolver belongs to appellant. Appellant further argues that a jury found him not guilty of knowingly acquiring or having a firearm under disability.

Appellee argues that due to the fact appellant has been convicted of aggravated trafficking with a prior-conviction specification in violation of R.C. 2925.03, appellant may not possess the revolver he seeks. Appellee cites R.C. 2923.-13(A)(3), which provides in pertinent part:

"(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

" * * *

"(3) Such person is under indictment for or has been convicted of any offense involving illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse, or has been adjudged a juvenile delinquent for commission of any such offense."

When ruling on a Civ.R. 12(B)(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must presume the truth of all factual allegations in the complaint and must make all reasonable inferences in favor of the nonmoving party. *Phung v. Waste Mgt., Inc.* (1986), 23 Ohio St.3d 100, 23 OBR 260, 491 N.E.2d 1114; *Mitchell v. Lawson Milk Co.* (1989), 40 Ohio St.3d 190, 532 N.E.2d 753. In order for a court to grant a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recover. See *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 143, 573 N.E.2d 1063, 1064; *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus; *Bridges v. Natl. Eng. & Contracting Co.* (1990), 49 Ohio St.3d 108, 112, 551 N.E.2d 163, 167. The court, however, need not presume the truth of conclusions unsupported by factual allegations. *Mitchell, supra.* In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials unless the motion is converted into a motion for summary judgment under Civ.R. 56. *Nelson v. Pleasant* (1991), 73 Ohio App.3d 479, 597 N.E.2d 1137.

When reviewing a judgment granting a Civ.R. 12(B)(6) motion for relief from judgment, an appellate court must independently review the complaint to determine if dismissal was appropriate. Decisions on Civ.R. 12(B)(6) motions are not findings of fact, but are rather conclusions of law. *State ex rel. Drake v. Athens Cty. Bd. of Elections* (1988), 39 Ohio St.3d 40, 528 N.E.2d 1253. The appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases.

In the case *sub judice*, we emphasize that our review must focus *solely* on appellant's *complaint*. We may not look to appellee's answer or statements contained in other documents in the record transmitted on appeal. Although the record is replete with allegations indicating that R.C. 2923.13(A)(3) bars appellant from the relief he seeks, no such allegations appear in the complaint.

We note that a trial court may, after giving the parties a reasonable opportunity to present documentary evidence of the type permitted in Civ.R. 56 proceedings, convert a Civ.R. 12(B)(6) motion into a Civ.R. 56 motion for summary judgment. See Civ.R. 12(B); *State ex rel. Baran v. Fuerst* (1990), 55 Ohio St.3d 94, 97, 563 N.E.2d 713, 716; *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285, paragraph two of the syllabus. In the case *sub judice*, however, the trial court did not convert the motion to dismiss into a summary judgment motion. The court did not give the parties an opportunity to present documentary evidence. The parties did not submit documentary evidence. Consequently, our review of this assignment of error involves nothing more than a review of whether it appears beyond doubt from the *complaint* that appellant can prove no set of facts entitling him to recover. We have reviewed appellant's complaint and find that it does not appear beyond doubt that appellant can prove no set of facts demonstrating he is entitled to the relief he seeks. We emphasize that our holding does not address the merits of appellant's allegations.

Accordingly, based upon the foregoing reasons, we sustain appellant's third assignment of error.

*Judgment reversed*
*and cause remanded.*

GREY, J., concurs.

STEPHENSON, J., concurs separately.

STEPHENSON, Judge, concurring.

I concur in the majority judgment reversing the lower court and remanding this case for further proceedings. However, I write separately in order to express my disagreement with the conclusion that this case was properly dismissed on the basis of a request for dismissal included as part of appellee's answer.

Pursuant to Civ.R. 12(B)(6), the contention that a complaint "fail[s] to state a claim upon which relief can be granted" may be raised *either* as a defense in a responsive pleading *or* as the foundation of a motion to dismiss. Even if the defenses enumerated in Civ.R. 12(B)(1) through (7) are included as part of a responsive pleading, Civ.R. 12(D) still requires that an application in the form of

a motion be filed in order to request an adjudication from the court on those defenses which could be disposed of preliminarily. 4 Anderson, Ohio Civil Practice (1989) 332, Section 152.07; see, also, 74 Ohio Jurisprudence 3d (1987) 434, Pleading, Section 159. There are sound reasons justifying this requirement. For instance, the rules of practice allow for memoranda in opposition to be filed in response to motions. See Civ.R. 7(B)(2); Scioto Co.L.R. V(D)(1). By contrast, there is no provision for responding to defenses asserted in a party's answer. If parties are confused as to the nature of the court filings, as appellant was in the cause *sub judice,* a plaintiff could easily misconstrue a motion to dismiss as a defense in an answer and, thereafter, forgo the filing of a memorandum in opposition on the mistaken belief that one was not permitted. These problems are easily avoided if we simply disregarded any requests for dismissal included within a responsive pleading.

The item filed by appellee below on March 20, 1992, is labeled as an "Answer" but then concludes by "mov[ing] the court for an order dismissing plaintiff's complaint." The inartful drafting of this "pleading" fails to put one on notice that a dismissal is being sought and, therefore, the request should be ignored. The action taken by the court below should be analyzed, essentially, as nothing more than a *sua sponte* dismissal pursuant to Civ.R. 12(B)(6). Although such action has been permitted where the parties are given both notice of the court's intention to dismiss and an opportunity to respond, see *Mayrides v. Franklin Cty. Prosecutor's Office* (1991), 71 Ohio App.3d 381, 384, 594 N.E.2d 48, 50; see, also, *Thomas v. Scully* (C.A. 2, 1991), 943 F.2d 259, 260; *Perez v. Ortiz* (C.A. 2, 1988), 849 F.2d 793, 797, these were clearly not provided in the action below. Accordingly, I would reverse the case on this issue as well.