OPINION
Plaintiff-appellant, Willie Talbert, appeals from the December 12, 2000 decision and entry of the Franklin County Court of Common Pleas dismissing his complaint pursuant to a Civ.R. 12(B)(6) motion of defendants-appellees, Ohio Adult Parole Authority, Ohio Department of Rehabilitation and Correction, and the Franklin County Prosecutor's Office. For the reasons that follow, we affirm the judgment of the court of common pleas.
The following facts are taken from appellant's complaint and the attachments thereto. Appellant is currently an inmate at the Orient Correctional Institute, serving a sentence of twenty years to life. In 1979, appellant was indicted on two counts of aggravated murder, one count of aggravated robbery, and one count of aggravated burglary. Appellant pleaded guilty to two counts of murder, and one count of aggravated robbery. The trial court sentenced him to a term of imprisonment of fifteen years to life as to each murder count to be served concurrently and five to twenty-five years on the aggravated robbery charge to be served consecutively to the murder counts for an aggregate sentence of twenty years to life.
On March 1, 1988 [sic 1998], the Ohio Adult Parole Authority issued a parole guidelines manual which consisted of a grid in which to place offenders in certain categories when they come up for parole. Appellant came up for a parole hearing on November 15, 1999.[1] At that hearing, the parole authority placed him in the category for aggravated murder, a Category 13 offense, rather than the offense category for murder, Category 11. Appellant alleges that this action was tantamount to ignoring the plea agreement appellant made with the state. The effect of this action was to require appellant to serve three hundred and sixty months to life before being considered for parole instead of twenty to twenty-five years before being considered for parole.
According to the parole board decision attached to appellant's complaint, the parole board "took into consideration the inmate's meritorious behavior while confined, but this behavior does not outweigh killing two elderly victims and his prior criminal history." (Exhibit D to appellant's complaint.) The parole board ordered that appellant serve an additional ten years, until October of 2009 before he could again be considered for parole.
On September 21, 2000, appellant filed a complaint for declaratory and injunctive relief requesting: (1) that he receive an immediate rehearing for parole; (2) that he be placed in the correct parole guideline category for murder and aggravated robbery; and (3) that the trial court issue an order defining the rights and obligations of the parties under his plea agreement with the state. Appellant based his action on a contract theory alleging that appellees, as agents of the state of Ohio, breached the plea agreement he made with the state when he pleaded guilty and was sentenced for murder and aggravated robbery.
The trial court dismissed the complaint for failure to state a claim upon which relief can be granted and failure to comply with R.C. 2969.25, which imposes certain requirements upon inmates who file actions against government entities or employees. Appellant has appealed, assigning as error the following:
 ASSIGNMENT OF ERROR NO. ONE: The trial court erred by dismissing appellant's complaint for declaratory judgement and injunctive relief pursuant to Civil Rule 12(B)(6) when it ignored the plain allegations and requests found in the plaintiff's complaint, and where a real controversy arose between parties concerning appellant's contract or plea agreement with the State of Ohio, as well as the Adult Parole Authority's "new" parole board guidelines implemented on March 1, 1998.
 ASSIGNMENT OF ERROR NO. TWO: The trial court erred when it failed to determine that the State of Ohio, it's officers, employees, agents, departments, and agencies to include the department of rehabilitation and corrections and it's division, the Ohio Adult Parole Authority, are bound by the terms of the agreement between the appellant and itself, that agreement being entitled "plea agreement," as was memorialized by the judgment entry filed in the court of common pleas for Franklin County, Ohio, on October 30, 1979; State of Ohio, in the person of the Ohio Adult Parole Authority breached said agreement by denying the appellant the reduction in the offense charged which was given as inducement or exchange for appellant's guilty plea.
When reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, an appellate court must independently review the complaint to determine if dismissal is appropriate. McGlone v. Grimshaw (1993), 86 Ohio App.3d 279, 285. The appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases. Id.
Dismissal of a claim for failure to state a claim upon which relief may be granted is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 144. In construing the complaint on a motion to dismiss, pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. However, a court need not presume the truth of conclusions unsupported by factual allegations. Mitchell, supra, at 193.
Appellant's assignments of error are related and shall be addressed together. Appellant argues that the trial court erred in ruling that he failed to state a claim for breach of contract. Appellant modeled his claim after a similar claim discussed in Randolph v. Ohio Adult Parole Auth. (Jan. 21, 2000), Miami App. No. 99 CA 17, unreported. In Randolph, plaintiff pleaded guilty to voluntary manslaughter with a firearm specification in exchange for the state dropping a charge of murder. At a hearing, the Ohio Adult Parole Authority ("APA") placed Randolph in Category 11, the category for murder, in order to determine the range of months he must serve before being considered for release. Randolph claimed that "although the APA may be entitled to decide that he should serve the maximum sentence given to him by the trial court based on the circumstances surrounding the offense and whether he might have been convicted of murder but for his plea, the APA should place him in the appropriate offense seriousness category and guideline range in beginning its decision-making process as to his eventual release." Id. (Emphasis added.)
Appellant, likewise, has correctly acknowledged that the APA can consider crimes for which he was indicted but not convicted in deciding whether to grant parole. See State ex rel. Askew v. Goldhart (1996),75 Ohio St.3d 608; State ex rel. Hattie v. Goldhardt (1994),69 Ohio St.3d 123; State ex rel. Lipschutz v. Shoemaker (1990),49 Ohio St.3d 88; Mayrides v. Ohio State Adult Parole Auth. (Apr. 30, 1998), Franklin App. No. 97APE08-1035, unreported; State ex rel. Cannon v. Ohio State Dept. of Rehab. and Corr. (Oct. 31, 2000), Franklin App. No. 00AP-327; Nobles v. Ohio Dept. of Rehab. and Corr. (Dec. 5, 2000), Franklin App. No. 00AP-200, unreported; State v. Shaner (July 27, 2000), Logan App. No. 8-99-16, unreported; Randolph, supra; State v. Callahan (Oct. 6, 2000), Montgomery App. No. 18237, unreported.
In Callahan, supra, the Second District Court of Appeals revisited its holding in Randolph when it considered whether the APA had breached a plea agreement by taking into account dismissed charges in an actual parole determination. Callahan had pleaded guilty to one count of rape of a child under thirteen years of age in exchange for the state dismissing charges of gross sexual imposition, sexual battery, corruption of a minor, and attempted corruption of a minor. Callahan argued that the APA's consideration of the charges the state had dismissed when it denied his parole request deprived him of the benefit of the bargain he made when he entered his plea. The court of appeals declined to extend the holding of Randolph to actual parole determinations noting that the analysis in Randolph was limited to the issue of eligibility for parole as distinguished from the actual parole determination.
Turning to the allegations in appellant's complaint, we must consider whether appellant is claiming that he was considered and rejected for parole based on the aggravated murder charges that were dismissed as part of his plea bargain, or whether appellant is alleging that he was considered ineligible for parole based on the charges for which he was not convicted. Presuming all factual allegations contained in the complaint are true, and making all reasonable inferences in favor of appellant, we conclude that appellant has alleged that he was considered and rejected for parole after serving twenty years. Appellant's plea agreement did not promise parole release after twenty years, only consideration, and, as shown by the complaint and the attachments thereto, appellant was considered and rejected after he served twenty years of his sentence. Accordingly, appellant has failed to state a claim for breach of contract.
Based on the foregoing, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _________________ LAZARUS, J.
PETREE and KENNEDY, JJ., concur.
[1] Apparently, appellant had also received a parole hearing in 1991, in which he was continued for eight years until 1999. (Exhibit E to appellant's complaint.) According to appellant, and as he recounted in a letter to her, Chairperson Margaret Ghee told him at that time that she "`did not fully agree with the decision to give me as much time as the board gave me.' You explained that I should go ahead and do the 8 years, stay out of trouble and become involved in all the programs that I could and get myself together." (Exhibit E at 2.)