OPINION
Plaintiffs-appellants, Wayne and Kimberly Frost, appeal the September 22, 2000 decision and entry dismissing appellants' case against defendant-appellee, Ricart Ford. For the reasons that follow, we reverse.
On June 19, 1999, appellants filed their complaint against appellee and another defendant, Ford Motor Company, alleging claims for breach of express and implied warranties, violations of Ohio's Lemon Law, R.C.1345.71 et seq., violations of Ohio's Consumer Sales Practices Act ("CSPA"), R.C. 1345.01 et seq., and violations of the Magnuson-Moss Warranty Act, Sections 2301 et seq., Title 15, U.S.Code.[1] All claims arose out of appellants' allegations: (1) that in August 1996, they entered into a lease of a 1996 Ford Ranger pickup truck from appellee; (2) that immediately after entering into the lease agreement, appellant discovered a defect in the truck's finish; (3) that appellee agreed that the truck would be restored to a "show room finish"; and (4) that despite repeated requests, appellee failed to repair the problem.
Upon appellee's motion to dismiss or, in the alternative, for summary judgment on all of appellants' claims, the trial court made several interim orders disposing of several of appellants' claims. First, the trial court held that, as a new motor vehicle dealer, appellee was exempt from any liability under Ohio's Lemon Law and, thus, dismissed the lemon law claim against appellee. Second, the trial court found that appellee had properly disclaimed any implied warranties and, therefore, was entitled to summary judgment on appellants' breach of implied warranty claim. Finally, the trial court limited appellants' breach of express warranty and Magnuson-Moss Warranty Act claims only to appellee's alleged promise of a warranty show room finish. Appellants do not challenge any of these decisions.
The trial court, however, rejected several arguments of appellee seeking disposition of appellants' CSPA claim before trial. In particular, the trial court rejected appellee's contention that the CSPA claim was barred because the lease transaction at issue was actually between appellants and a financial institution (i.e., Bank One Acceptance Corp.) and, as such, exempt from the provisions of the CSPA. See Bard v. Society National Bank (Sept. 10, 1998), Franklin App. No. 97APE11-1497, unreported. The trial court found, however, that appellee had failed to submit evidentiary materials establishing that Bank One Acceptance Corp. was a "financial institution" as that term is defined in the statute. Likewise, the trial court rejected appellee's argument that appellants' CSPA claim was barred by the applicable statute of limitations, holding that appellee had only raised such a defense in its reply memorandum.
On July 12, 2000, appellants voluntarily dismissed all claims against defendant Ford Motor Company with prejudice. The breach of warranty, Magnuson-Moss and CSPA claims against appellee were set for trial on August 23, 2000.
On the day of trial, appellee raised an oral motion to dismiss. In this motion, appellee contended that appellants had settled with co-defendant, Ford Motor Company, for an amount equal to or greater than the cost of repainting appellants' pickup, plus attorney fees. According to appellee, appellants had elected a damages remedy under the CSPA as evidenced by their settlement with Ford and, as such, allowing them to proceed to trial against appellee would improperly allow multiple recovery for the same injury. Appellee also raised those arguments previously rejected by the trial court-i.e., that the CSPA claim was barred by the statute of limitations and that appellants' CSPA claim was otherwise precluded by this court's decision in Bard, supra.
The trial court requested further briefing on the issues raised by appellee's motion and continued the trial date to September 25, 2000. On September 22, 2000, the trial court filed a written decision and entry dismissing all claims against appellee. In so doing, the trial court held that by settling with co-defendant Ford Motor Company for a full amount of their damages and attorney fees, appellants had elected under the CSPA to proceed on a damages theory of recovery, and having already recovered once, they could not proceed under a different theory of recovery. Further, the trial court held that appellants were precluded from bringing a claim for damages because it was filed beyond the applicable statute of limitations.
It is from this final judgment entry that appellants appeal raising the following two assignments of error:
 1. The Trial Court erred in Dismissing Plaintiffs' Consumer Sales Practices Act Claims in their entirety.
 2. The Trial Court erred in Dismissing Plaintiffs' breach of express warranty claim and Magnuson-Moss Warranty Act Claims.
In the first assignment of error, appellants contend that the trial court erred in dismissing their CSPA claims. Appellants argue that the trial court erred in holding that by settling their claims against Ford Motor Company, appellants were precluded from bringing a rescission claim under the CSPA against appellee and that the settlement amount otherwise made appellants whole. Appellants also challenge the trial court's holding that the statute of limitations barred appellants' CSPA damages claim. In the second assignment of error, appellants contend that the trial court erred in dismissing their breach of express warranty and Magnuson-Moss Warranty claims.
We find, however, that the decision and entry of the trial court must be reversed for a more fundamental reason. As the parties have both conceded, the procedural mechanism and/or basis for the trial court's judgment entry dismissing all claims (or for that matter, appellee's eve-of-trial motion to dismiss) is not entirely clear from the record. On its face, the decision and entry neither purports to be a dismissal pursuant to Civ.R. 12 nor a grant of summary judgment pursuant to Civ.R. 56. The decision and entry, however, was prompted by an oral motion to dismiss and, by its terms, dismissed (rather than granted summary judgment as to) all claims against appellee. As such, we must presume that the court dismissed appellants' claims pursuant to the standards applicable under a motion to dismiss raised pursuant to Civ.R. 12(B)(6).
Dismissal of a claim, pursuant to Civ.R. 12(B)(6), is appropriate only where it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144. A court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the allegations contained in the complaint and, as an appellate court, we must independently review the complaint to determine if dismissal was appropriate. McGlone v. Grimshaw (1993), 86 Ohio App.3d 279, 285.
Here, the trial court referenced matters outside of appellants' complaint in rendering its decision and entry dismissing appellants' claims against appellee. The fact of the settlement itself and the trial court's conclusion that it exceeded appellants' damages and attorney fees are, for obvious reasons, matters not contained in appellants' complaint. While the fact of the settlement is not disputed, the trial court's conclusion that the settlement amount exceeded appellants' damages and attorney fees is disputed. Moreover, while a trial court may convert a motion to dismiss into a motion for summary judgment, the trial court may do so only after notifying the parties of such conversion. See State ex rel. Baran v. Fuerst (1990), 55 Ohio St.3d 94, 97. Here, the record contains no such notification, and the parties did not proceed under a Civ.R. 56 framework.
As such, we find that, given the irregular procedural posture of this case, the trial court erred as a matter of law in dismissing appellants' claims by referring to matters outside appellants' complaint. We, therefore, sustain appellants' assignments of error to that extent and reverse and remand for further proceedings consistent herewith.
In so doing, we reject appellee's cross-appeal raised pursuant to App.R. 3(C)(2). In its cross-appeal, appellee contends that the trial court should have granted its motion to dismiss and/or for summary judgment as to appellants' CSPA claims under this court's decision in Bard, supra, holding that a vehicle lease transaction between a consumer and a financial institution was excluded from the provisions of the CSPA. In denying appellee's motion for summary judgment on this ground, the trial court ruled that, while appellee may have presented evidence that the lease transaction was between appellants and Bank One Acceptance Corp., appellee failed to present evidence that Bank One Acceptance Corp. satisfied any of the statutory definitions of a financial institution under the CSPA. See R.C. 5725.01(A) (defining "financial institution").
Having reviewed the record, we agree with the trial court. The record contains a copy of the lease agreement between appellants and Bank One Acceptance Corp. However, the lease agreement itself does not indicate that Bank One is a financial institution under the statute, and appellee presented no additional evidence on this issue. As such, we find that the trial court did not err in denying summary judgment on this ground. Appellee's cross-assignment of error is overruled.
For the foregoing reasons, appellants' two assignments of error are sustained to the extent indicated herein, and appellee's cross-assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is reversed and remanded for further proceedings consistent herein.
 ____________________ LAZARUS, J.
PETREE and DESHLER, JJ., concur.
[1] Appellants filed an amended complaint on December 27, 1999, adding Bank One Acceptance Corp. as another defendant, but otherwise raising no new claims or allegations against the original defendants. On August 9, 2000, all claims against Bank One were voluntarily dismissed with prejudice.