OPINION
Plaintiff-appellant, Torrance C. Pilgrim, appearing pro se, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his declaratory judgment action against defendants-appellees the Ohio Department of Rehabilitation and Correction ("ODRC") and the Ohio Adult Parole Authority ("OAPA"), for failure to state a claim pursuant to Civ.R. 12(B)(6).
In 1986, plaintiff was convicted of carrying a concealed weapon, aggravated robbery, possession of criminal tools, and a drug law violation, and was sentenced to an indefinite term of imprisonment of twelve to thirty years ("1986 sentence").
In September 1996, while plaintiff was serving his sentence on his 1986 convictions, he was charged with felony drug possession. Following a jury trial, plaintiff was convicted of felony drug possession. On February 11, 1997, the Pickaway County Court of Common Pleas sentenced plaintiff on the drug possession conviction. Pursuant to Am.Sub.S.B. No. 2 ("S.B. No. 2"), the court imposed a twelve-month prison term, plus three years of post-release control, to be served consecutively to plaintiff's sentence for his 1986 convictions ("1997 sentence"). Accordingly, plaintiff's maximum aggregate sentence for both the 1986 convictions and the 1997 conviction, including the three years of post-release control, is currently set to expire on September 13, 2020.
In October 1998, plaintiff appeared for a parole hearing before a panel of the Ohio Parole Board. The panel denied plaintiff parole and continued the matter until February 2005.
On October 3, 2000, plaintiff filed a four-count complaint, seeking a declaratory judgment that ODRC and OAPA violated his statutory and constitutional rights when they refused to release him in October 1998.
On October 31, 2000, ODRC and OAPA jointly moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).
On November 27, 2000, plaintiff mailed a motion for an extension of time in which to respond to defendants' motion to dismiss. This motion was filed on December 4, 2000.
On December 12, 2000, the trial court issued a decision granting defendants' motion to dismiss for failure to state a claim, without ruling on plaintiff's motion for an extension of time. Plaintiff appeals from that decision assigning the following errors:
 I. THE TRIAL COURT ERRED WHEN IT FAILED TO DECLARE PILGRIM'S RIGHTS UNDER RC § 2967.11, § 2967.28, § 2901.04, § 1.58, AND § 2929.14.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DISMISSED PILGRIM'S COMPLAINT BASED ON ISSUES NOT BEFORE THE COURT.
 III. THE TRIAL COURT ABUSED [sic] DISCRETION WHEN IT FAILED TO GRANT AN EXTENSION OF TIME TO PILGRIM TO COMPLETE HIS RESPONSE TO DEFNDANT'S [sic] MOTION TO DISMISS.
 IV. THE TRIAL COURT ERRED WHEN IT RULED THAT OAPA COULD EXTEND PILGRIM'S SENTENCE BASED ON AN OFFENSE COMMITTED IN PRISON.
 V. THE TRIAL COURT ABUSED [sic] DISCRETION WHEN IT DECLARED THE ALREADY SERVED SENTENCE OF PICKAWAY COUNTY COURT OF COMMON PLEAS, NULL AND VOID.
 VI. THE TRIAL COURT ERRED WHEN IT FAILED TO RULE ON ALL ISSUES PRESENTED IN PILGRIM'S COMPLAINT FOR DECLARATORY JUDGMENT.
When reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, an appellate court must independently review the complaint to determine if dismissal was appropriate. McGlone v. Grimshaw (1993), 86 Ohio App.3d 279, 285. The appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases. Id.
Dismissal of a claim for failure to state a claim is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144. In construing a complaint on a motion to dismiss, pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192.
Plaintiff's first and second assignments of error will be addressed together, as both assert that the trial court erred when it failed to declare that plaintiff was entitled under R.C. 2967.11, 2967.28, 2901.04, 1.58, and 2929.14 to begin his three years of post-release control.
Although plaintiff's complaint and appellate brief are somewhat difficult to follow, the crux of plaintiff's argument appears to be that when he went before the parole board in October 1998, he was entitled to be released from prison and to begin serving his three years of post-release control, as he had finished serving his 1997 sentence, and the parole board was not entitled to consider his 1986 sentence, as OAPA and ODRC "waived their jurisdiction" to consider that sentence in determining plaintiff's eligibility for parole.
Plaintiff's argument that he is legally entitled to be released to begin his period of post-release control is flawed for several reasons. First, plaintiff's contention that the parole board was not entitled to consider his 1986 sentence at his 1998 parole hearing is simply erroneous. Plaintiff has cited no authority to support his claim that OAPA and ODRC have "waived their jurisdiction" over his 1986 sentence and no such authority exists.
Second, plaintiff's contention that he has finished serving his 1997 sentence is also erroneous. Plaintiff was ordered to serve his 1997 sentence consecutively to his 1986 sentence. Ohio Adm. Code 5120-2-032(E) provides that when a sentence imposed under S.B. No. 2 is ordered to be served consecutively to a sentence imposed under pre-S.B. No. 2 law, the pre-S.B. No. 2 sentence "shall be served first." Accordingly, plaintiff will not begin serving his 1997 sentence until he has completed his entire 1986 sentence or is granted parole thereon. Further, because there is no statutory or constitutional right to parole in Ohio, State ex rel. Henderson v. Ohio Dept. of Rehab. and Corr. (1998), 81 Ohio St.3d 267,268, plaintiff has no right to begin serving his 1997 sentence until he has actually served his entire 1986 sentence.
Finally, pursuant to R.C. 2967.28(F)(5), plaintiff's period of post-release control will not begin until plaintiff is actually released from prison, whether that release comes at the conclusion of his entire aggregate sentence, or after he is granted parole on his 1986 sentence and has served his 1997 sentence. Accordingly, plaintiff has no right to be released for the purpose of beginning his period of post-release control.
Plaintiff's first and second assignments of error are overruled.
In his third assignment of error, plaintiff argues that the trial court abused its discretion when it failed to grant his motion for an extension of time to respond to defendants' motion to dismiss.
Pursuant to Loc.R. 21.01 of the Court of Common Pleas of Franklin County, General Division, plaintiff had fourteen days in which to file his response to defendants' motion to dismiss. Defendants filed their motion to dismiss on October 31, 2000. Plaintiff's motion for an extension of time was mailed on November 27, 2000 and filed on December 4, 2000. Accordingly, plaintiff did not even mail his request for an extension of time until almost two weeks after his response to defendants' motion to dismiss was due.
Civ.R. 6(B) provides, in relevant part, as follows:
 When by these rules *** an act is required *** to be done at or within a specified time, the court for cause shown may at any time in its discretion *** upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ***.
Pursuant to Civ.R. 6(B)(2), it was within the trial court's discretion to allow plaintiff to file his response to defendant's motion to dismiss, if plaintiff established that his failure to timely file his response was the result of excusable neglect. Lee v. Bowler (Apr. 10, 1985), Summit App. No. 11869, unreported. Excusable neglect cannot be defined in the abstract. State ex rel. Lindenschmidt v. Butler Cty. Bd. Of Commrs. (1995), 72 Ohio St.3d 464, 466. In determining whether excusable neglect exists, a trial court "must take into consideration all the surrounding facts and circumstances." Fowler v. Coleman (Dec. 28, 1999), Franklin App. No. 99AP-319, unreported. Further, "a trial court's Civ.R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." Id.
Here, plaintiff asserts that his failure to timely file his response to defendants' motion to dismiss was due to the limited periods that he is permitted to use the prison law library. While this explanation may well constitute excusable neglect for plaintiff's failure to timely file his response to defendants' motion to dismiss, we need not decide that issue, given plaintiff's lengthy and unexplained delay in moving for an extension of time.
As we have already noted, plaintiff did not mail his motion for an extension of time until almost two weeks after the time for filing his response to defendants' motion to dismiss had run. Presumably, plaintiff was well aware of his limited access to the prison law library, and could have foreseen the problems it would cause in timely filing his response to defendants' motion to dismiss. Therefore, plaintiff should have been able to move for an extension of time shortly after, if not before, the time to file his response had run. Because plaintiff has provided no explanation for his delay in filing his motion for an extension of time, we cannot say that the trial court abused its discretion in refusing to grant that motion.
Plaintiff's third assignment of error is overruled.
In his fourth assignment, plaintiff asserts that the trial court erroneously held that the parole board could extend his sentence.
R.C. 2967.11 grants the parole board the authority to extend a prisoner's sentence by up to ninety days for criminal violations committed by a prisoner while incarcerated. However, in the present case, the record does not reflect that the parole board has ever extended plaintiff's sentence, and the trial court did not approve such an extension. Instead, the trial court simply upheld the parole board's refusal to grant plaintiff parole on his 1986 sentence. Plaintiff's assertion that the parole board has unlawfully extended his sentence stems from his mistaken theory that he has served his 1997 sentence and the parole board is no longer entitled to consider his 1986 sentence.
Plaintiff's fourth assignment of error is overruled.
Plaintiff's fifth assignment of error challenges the trial court's ruling that plaintiff has not served his 1997 sentence.
As we have already discussed, plaintiff will not begin serving his 1997 sentence until he has completed his entire 1986 sentence or is granted parole on that sentence. Accordingly, the trial court did not err in holding that plaintiff has not served his 1997 sentence.
Plaintiff's fifth assignment of error is overruled.
In his sixth assignment of error, plaintiff claims that in granting defendants' motion to dismiss, the trial court failed to consider all of his claims and failed to apply the proper standard to the claims that it did consider.
Plaintiff's complaint contains four claims for declaratory relief. Plaintiff's first claim requests a declaration that plaintiff was entitled to be released when he came before the parole board in October 1998. As we have already concluded, plaintiff is not entitled to be released now and was not entitled to be released in 1998, as he is still serving his 1986 sentence and has yet to serve his 1997 sentence.
Plaintiff's second and fourth claims seeks a declaration that the OAPA violated plaintiff's constitutional rights to due process, equal protection, and violated the constitutional prohibition against double jeopardy when it extended plaintiff's sentence. Again, as we have already noted, the parole board did not extend plaintiff's sentence, but merely refused to grant him parole on his 1986 sentence.
Plaintiff's third claim seeks a declaration that plaintiff is being illegally detained by OAPA and ODRC because the parole board is without jurisdiction over his 1986 sentence and plaintiff has completed his 1997 sentence. As discussed above, plaintiff is not entitled to be released, as the OAPA has not waived its jurisdiction over plaintiff's 1986 sentence, and plaintiff has yet to serve any of his 1997 sentence.
Because plaintiff can prove no set of facts that would entitle him to relief on any of his four claims, the trial court properly granted defendants' motion to dismiss plaintiff's claims pursuant to Civ.R. 12(B)(6).
Plaintiff's sixth assignment of error is overruled.
Having overruled each of plaintiff's six assignments of error, we affirm the judgment of the trial court.
BOWMAN and TYACK, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.