JOURNAL ENTRY AND OPINION.
{¶ 1} Defendants-appellants, James C. McQueen and Erie Shores Bus Lines (collectively "appellant" unless other stated), appeal the decision of the Cleveland Municipal Court that found in favor of plaintiff-appellee, CCI Properties ("CCI"), on its claim for unpaid rent. For the reasons that follow, we affirm in part, reverse in part, and remand.
 {¶ 2} The record reveals that CCI owns commercial property on East 116th Street in Cleveland, Ohio, which was occupied by James McQueen and Erie Shores Bus Line for several years under some type of oral agreement wherein appellant was to pay CCI $727 per month. It appears from the record that the parties made several unsuccessful attempts at negotiating a written land installment contract for the purchase of this property.[1]
 {¶ 3} In December 2001, CCI instituted an action in forcible entry and detainer under R.C. Chapter 1923 seeking restitution of the premises and unpaid rent. Appellant filed a motion to dismiss the complaint, arguing that the municipal court lacked subject-matter jurisdiction because CCI failed to comply with R.C. Chapter 5313 where appellant had partially performed the land installment contract by paying more than 20% of the purchase price and had been in possession of the premises for more than five years. CCI, in opposition, maintained, inter alia, that the parties had never reached any agreement to enter into a land installment contract and, even if such an agreement existed, R.C. Chapter 5313 applies only to residential, not commercial, property.
 {¶ 4} The matter proceeded to a hearing before a magistrate on CCI's claim for forcible entry and detainer. The magistrate found that there was no agreement among the parties to enter into a land installment contract, either oral or written, and that, in any event, R.C. Chapter 5313 is inapplicable to commercial property. Restitution of the premises was recommended. The municipal court adopted the magistrate's decision and entered judgment in accordance with this decision. Appellant eventually vacated the premises on May 27, 2002.
 {¶ 5} CCI, with leave of court, thereafter amended its complaint to include a claim seeking reimbursement for damage to the property allegedly done by appellant. Appellant answered the complaint and asserted a counterclaim for unjust enrichment, claiming that several improvements were made to the property for which appellant sought reimbursement. CCI moved to dismiss the counterclaim pursuant to Civ.R. 12(B)(6), arguing that it was barred by the doctrines of res judicata and unclean hands.
 {¶ 6} Dismissing CCI's res judicata argument, the court stated:
 {¶ 7} "The Court finds no merit in [CCI's] argument that [appellant's] counterclaim is barred pursuant to the doctrine of res judicata. The counterclaim does not depend on the existence of a land contract. It is an equitable claim for unjust enrichment precisely because it is not a claim at law based on a contract. The Court's prior determination that no land contract existed thus has no effect on the claim."
 {¶ 8} Similarly dismissing CCI's unclean hands argument, the court found this doctrine inapplicable as a bar to appellant's counterclaim.
 {¶ 9} The municipal court, nonetheless, granted CCI's motion. Relying on Hambleton v. R.G. Barry Corp. (1984), 12 Ohio St.3d 179, andNational City Bank v. Fleming (1981), 2 Ohio App.3d 50, the court found that appellant failed to allege facts sufficient to demonstrate that CCI "committed fraud, misrepresentation or [acted] in bad faith" so as to support a claim for unjust enrichment.
 {¶ 10} "[Appellant's] allegations fall short of establishing fraud, misrepresentation or bad faith. [Appellant] makes no allegations that the parties' failure to reach agreement on the terms of a land contract was due to [CCI's] bad faith. * * * The court's findings are in accord. The parties were negotiating but never executed an agreement. [Appellant] was therefore [CCI's] tenant. * * *"
 {¶ 11} Thereafter, the issue of damages proceeded to a hearing before a magistrate. Finding that CCI presented insufficient evidence to support its claim for property damage, the magistrate, nonetheless, found in favor of CCI, and against both appellants jointly and severally, in the amount of $6,449.19 for unpaid rent from September 2001 through May 27, 2002. The municipal court adopted the magistrate's decision and judgment was entered accordingly. The record does not reflect that appellant filed any objections to the magistrate's decision as adopted by the municipal court.Appellant is now before this court and assigns two errors for our review.
Dismissal of Appellant's Counterclaim
 {¶ 12} In his first assignment of error, appellant contends that the trial court erred in granting CCI's motion to dismiss his counterclaim for unjust enrichment.
 {¶ 13} When reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, an appellate court must independently review the complaint to determine if dismissal is appropriate. McGlone v. Grimshaw (1993),86 Ohio App.3d 279, 285. The reviewing court need not defer to the trial court's ruling on such a motion. Id. Dismissal is appropriate only where it appears beyond a doubt that the complainant can prove no set of facts sufficient to support the asserted claim that would entitle the complainant to relief. Cleveland Elec. Illum. Co. v. Pub. Util. Comm.
(1996), 76 Ohio St.3d 521, 524, citing O'Brien v. Univ. Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, 245; see, also, York v. Ohio StateHighway Patrol (1991), 60 Ohio St.3d 143, 144. In construing the complaint in response to a Civ.R. 12(B)(6) motion, a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the non-moving party. Mitchell v.Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. A claim for unjust enrichment arises out of a contract in law, or quasi-contract. Hummel v.Hummel (1938), 133 Ohio St. 520, 525. Such a contract is not a true contract, but is an "`obligation that is created by the law without regard to expressions of assent by either words or acts,' * * * and is imposed to prevent a party from retaining money or benefits which in justice and equity belong to another." (Citations omitted). Legros v.Tarr (1989), 44 Ohio St.3d 1, 7-8.
 {¶ 14} Under this type of contract, civil liability "arises out of the obligation cast by law upon a person in receipt of benefits which he [or she] is not justly entitled to retain" without compensating the individual who conferred the benefits. Hummel, 133 Ohio St. at 525. In order to recover on a claim of unjust enrichment, the party asserting the claim must demonstrate that (1) a benefit was conferred upon the recipient; (2) that the recipient had knowledge of that benefit; and (3) circumstances render it unjust or inequitable to permit the recipient to retain the benefit without compensating the party who conferred the benefit. Hambleton v. R.G. Barry Corp., 12 Ohio St.3d at 183. In establishing the third element under Hambleton, appellate courts have required that the complainant demonstrate that "the conferral of [the] benefit was the product of fraud, misrepresentation, or bad faith by the party accepting and retaining such benefit * * *." National City Bank v.Fleming, 2 Ohio App.3d at 58. In other words, there must be a causal relationship between the complainant's loss and the recipient's benefit.Laurent v. Flood Data Serv., Inc. (2001), 146 Ohio App.3d 392, 399.
 {¶ 15} It is in this regard that the municipal court found appellant's counterclaim lacking. In particular, the court stated that appellant made no allegation that the failure to reach agreement on the terms of the land contract was due to CCI's bad faith. Although it may be true that there is no allegation of bad faith, appellant's counterclaim certainly can be construed as alleging that CCI misrepresented that it would enter into such a contract. Paragraph three of the counterclaim states:
 {¶ 16} "During the time [appellant] was making improvements to the land [appellant] repeatedly requested of [CCI] that he sign the land installment contract that had been proposed; [CCI] promised a signed land installment contract, but never delivered one to [appellant]."
 {¶ 17} Accepting this allegation as true as we must in reviewing a motion to dismiss under Civ.R. 12(B)(6), we find that appellant has sufficiently alleged the third element of a claim for unjust enrichment under Hambleton and National City so as to defeat CCI's motion to dismiss. Appellant appended an unexecuted draft of a land contract between the parties. It would be reasonable to infer that appellant had requested CCI to sign the agreement as alleged and that it failed to do so despite promises to the contrary. Consequently, appellant has sufficiently alleged a causal relationship between appellant's loss and CCI's benefit.
 {¶ 18} Appellant's first assignment of error is well taken and is sustained.
 {¶ 19} Personal Liability of Appellant James C. McQueen
 {¶ 20} In his second assignment of error, appellant contends that the municipal court erred in finding appellant McQueen personally liable for unpaid rent when it was the corporation known as Erie Shores Bus Line, Inc. that had the agreement with CCI.
 {¶ 21} CCI filed both its amended complaint against (1) James C. McQueen, individually and doing business as Erie Shores Bus Line; and (2) Erie Shores Bus Line. The complaint does not identify Erie Shores Bus Line as a corporation and, indeed, specifically identifies James C. McQueen in his individual capacity and as doing business as Erie Shore Bus Line. Paragraph two of the amended complaint states:
 {¶ 22} "Defendant, James C. McQueen, individually and doing business as Erie Shores Bus Line ("McQueen") and Erie Shores Bus Line ("Erie") currently occupy the Premises pursuant to a month to month tenancy."
 {¶ 23} Appellant answered the complaint by admitting that "Erie Shores Bus Line, Inc., an Ohio corporation, occupied the premises," but otherwise denied the allegations contained in that paragraph. Appellant did not assert any affirmative defenses in this responsive pleading nor did he seek to amend the responsive pleading to include any such defense. Indeed, the record is devoid of any attempt on appellant's part to raise this issue at the trial court level and, instead, raises it for the first time on appeal. This he cannot do.
 {¶ 24} It is well-established that a reviewing court cannot consider an issue raised for the first time on appeal. State ex rel.Gutierrez v. Trumbull County Bd. of Elections (1992), 65 Ohio St.3d 175,177. Moreover, it was incumbent upon appellant to raise any defense to the claim against him in his individual capacity by way of responsive pleading or amendment thereto. See, generally, Jim's Steak House v.Cleveland (1998), 81 Ohio St.3d 18. Consequently, appellant has waived this issue for review by this court. Id.
 {¶ 25} Even if appellant raised this issue by way of affirmative defense, he failed to object to the findings of fact and conclusions of law rendered by the magistrate and adopted by the municipal court that addressed this issue. The magistrate referred to appellant in his individual capacity in its findings of fact as having paid for the use of the property and thereafter referenced the "parties' agreement for the rental of the property." In its conclusions of law, the magistrate concluded that both appellants were "jointly and severally liable" to CCI.
 {¶ 26} Civ.R. 53(E)(3)(b) prohibits a party from "assigning as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Appellant filed no such objections and, therefore, has not preserved this issue for review by this court. State ex rel. Booher v.Honda of Am. Mfg. (2000), 88 Ohio St.3d 52, 53.
 {¶ 27} Appellant's second assignment of error is, therefore, not well taken and is overruled.
 {¶ 28} The judgment of the municipal court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
It is ordered that appellee and appellants equally share costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and SEAN C. GALLAGHER, J., concur.
[1] The record contains at least four unexecuted agreements for the sale of this property. Two of the documents reference Erie Shores Bus Lines, Inc. as the buyer while the other two reference James McQueen, individually, among others.