OPINION
This appeal deals with the question of how much time a plaintiff should be allowed in responding to a Civ.R. 37(B)(2) motion for sanctions due to a violation of a discovery order where the sanction imposed is the dismissal of the case.
Dr. Amr El-Mahdy, together with his wife and their son (hereinafter "Appellants"), filed a complaint in the Mahoning County Court of Common Pleas against Mahoning National Bank ("Appellee") on December 16, 1998. The complaint alleged that Appellee, through its Trust Department, agreed to take over Appellants' financial affairs, which was to include paying Appellants' bills. The parties entered into the arrangement because Dr. El-Mahdy was planning to relocate his family to Egypt, and he did not want any disruption of his financial affairs during the process. Count one of the complaint alleges that Appellee breached its fiduciary duties by failing to timely pay Appellants' health insurance bill that was due on October 13, 1996. Appellants allege that they suffered damages from the lapse in coverage and in their attempt to reinstate health coverage. Count two is a breach of contract claim arising out of the same events.
The matter was set to be heard before a magistrate. The original trial date was set for July 26, 1999, with discovery to be completed by May 26, 1999. (4/1/99 J.E.). Expert witness reports were also to be delivered by May 26, 1999. (4/1/99 J.E.). The court ordered that any modifications to the discovery schedule needed to be requested by written motion. (4/1/99 J.E.). On May 27, 1999, Appellants filed a Motion to Extend Discovery, which was granted. Trial was postponed until March 15, 2000, with a final pretrial hearing set for March 3, 2000. Discovery was to be concluded by November 26, 1999.
With leave of the court, on December 1, 1999, Appellee filed a request for the production of documents and filed a set of interrogatories. A January 5, 2000, Magistrate's Order gave Appellants until January 30, 2000, to respond to Appellee's discovery requests.
On February 24, 2000, Appellants filed a motion to postpone trial, but did not specifically request an extension of the discovery deadline. The motion was granted and trial was postponed until May 31, 2000. (2/28/2000 Magistrate's Order).
On May 22, 2000, Appellants filed objections to Appellee's request for production of documents, mainly alleging that the request was overly broad. The objections repeatedly stated that, "[p]laintiffs have produced or will produce such documents as may be in their possession, custody, or control." Also on May 22, 2000, Appellants filed a set of answers to Appellee's interrogatories.
On May 23, 2000, Appellee filed a motion to compel discovery. Appellee alleged that Appellants refused to turn over expert witness reports and failed to respond to specific requests for documents. Appellee also alleged that Appellants failed to respond to interrogatories requesting information as to the following: the names of their potential witnesses and the subject matter of witness testimony; the substance and subject matter of any expert witness testimony; specific details of Appellants' damages; the date and location of any meetings between Dr. El-Mahdy and Appellee's representatives; and details of any funds transferred or turned over to Appellee. Appellee's motion included a request for a further continuance of the trial due to Appellants' failure to respond to discovery requests.
On August 10, 2000, the court held a hearing on Appellee's motion to compel discovery. On August 11, 2000, the trial court filed a judgment entry granting Appellee's motion to compel discovery. The court gave Appellants until September 15, 2000, to identify all expert witnesses, to submit expert witness reports and to supplement Appellee's interrogatories and request for documents. The judgment entry stated: "[f]ailure to provide the complete responses, or the failure to provide all documents requested shall result in sanctions being imposed, including the exclusion of any document or evidence not provided, or the dismissal of this action." (8/11/00 J.E.). Appellants filed a notice of service of their supplemental discovery responses on September 15, 2000.
In October 2000, a visiting judge was appointed to preside over all further proceedings in this case.
On October 18, 2000, Appellee requested by motion a leave to file additional interrogatories and to file a second request for production of documents. The motion stated that additional discovery was needed in response to Appellants' supplemental discovery. The motion did not refer to any lapses or deficiencies in Appellants' supplemental discovery materials.
Appellee's motion was granted by judgment entry filed on October 20, 2000. The judgment entry stated that, "[p]laintiffs' failure to provide the complete responses, or the failure to provide all documents requested, within 30 days shall result in sanctions being imposed, including the dismissal of this action." (10/20/00 J.E.). Appellee's second set of interrogatories and second request for production of documents was served on Appellants on November 10, 2000. (11/13/00 Notice of Service).
On January 11, 2001, Appellee filed a motion for sanctions. Appellee asked for either dismissal of the action or exclusion of evidence regarding certain aspects of damages. Appellee alleged that Appellants failed to fully respond to the second set of interrogatories and did not produce all documents asked for in the second request. Appellee asserted that Appellants were in violation of the October 20, 2000, Judgment Entry, which stated that dismissal was a possible sanction.
On January 12, 2001, the trial court, without a hearing, sustained Appellee's motion for sanctions. The trial court concluded that Appellants had violated a number of prior orders, including the October 20, 2000, Judgment Entry but did not specify in what manner these prior orders had been disobeyed. In addition, the trial court found that Appellants had attempted a number of improper ex parte communications with the court and that Appellants' answers were not made under oath as required by Civ.R. 33(A). The court imposed the ultimate sanction and dismissed Appellants' complaint.
On January 19, 2001, Appellants filed a brief in opposition to Appellee's motion for sanctions, and filed an accompanying motion to strike the motion for sanctions. On January 22, 2001, Appellants filed a Motion to Vacate the January 12, 2001, Order. The motion was framed as a Civ.R. 60(B) motion for relief from judgment.
The trial court responded to both of Appellants' motions in a judgment entry dated January 25, 2001. The court overruled the motion to strike as moot because the case had already been dismissed by the time that Appellants filed their motion. The court also overruled the motion to vacate, reciting the same reasons used in the January 12, 2001, Judgment Entry.
Appellants' first assignment of error alleges:
 "THE TRIAL COURT ERRED IN DISMISSING APPELLANTS' COMPLAINT WITHOUT PROVIDING APPELLANTS THE OPPORTUNITY TO RESPOND TO APPELLEE'S MOTION TO DISMISS OR HOLDING A HEARING."
Appellants first argue that the trial court was required by Civ.R. 6(D) to allow them at least seven days to respond to Appellee's January 11, 2001, motion for sanctions. Appellants acknowledge that a trial court may change the seven-day period allowed by Civ.R. 6(D). Appellants nevertheless contend that the trial court must allow at least a reasonable time for them to contest or otherwise respond to a motion to dismiss, citing Hillabrand v. Drypers Corp. (2000), 87 Ohio St.3d 517,519-520, 721 N.E.2d 1029, and McGlone v. Grimshaw (1993),86 Ohio App.3d 279, 283-284, 620 N.E.2d 935.
Appellee does not directly rebut Appellants' argument concerning Civ.R. 6(D). Appellee argues that reasonable notice of impending dismissal is all that is required, and not actual notice, citing QuonsetHut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 49, 684 N.E. 319. Appellee contends that Appellants received reasonable notice of the possibility of dismissal because both the August 8, 2000, and the October 20, 2000, judgment entries list dismissal as a possible consequence for the violation of discovery orders. Appellee also argues that a trial court may sua sponte dismiss a case for violation of a discovery order when the time period set forth for heeding the order has expired, citing the dissent in Hillabrand, supra. Finally, Appellee concludes that any trial court error in the January 12, 2001, judgment entry was harmless error because Appellants already had their day in court concerning the dismissal of the case prior to the August 11, 2000, judgment entry. Based on the record, however, Appellants' arguments are persuasive and this case must be reversed and remanded for further proceedings.
A trial court's imposition of discovery sanctions is typically reviewed only for an abuse of discretion. Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254, 256, 662 N.E.2d. In order to have an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
Civ.R. 37(B)(2) states, in pertinent part:
"(B) Failure to comply with order
"* * *
"(2) If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35,the court in which the action is pending may make such orders in regardto the failure as are just, and among others the following:
"* * *
"(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action
or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;" (Emphasis added.)
When a trial court imposes the sanction of dismissing the case with prejudice pursuant to Civ.R. 37(B)(2)(c), the standard of review is more strict than simply determining whether an abuse of discretion has occurred. Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371-372,678 N.E.2d 530. "Dismissal with prejudice is a very severe and permanent sanction, to be applied with great caution." Thomas v. Freeman (1997),79 Ohio St.3d 221, 680 N.E.2d 997. Among the factors to be considered by the trial judge in determining whether dismissal under Civ.R. 37 is appropriate is the tenet that, "disposition of cases on their merits is favored in the law." Jones, supra, 78 Ohio St.3d at 371. A court should consider lesser sanctions before dismissing a case unless negligent, irresponsible, contumacious, or dilatory conduct supports dismissal with prejudice. Id., citing Schreiner v. Karson (1977), 52 Ohio App.2d 219, 6 O.O.3d 237, 369 N.E.2d 800 paragraph two of the syllabus. The harsh sanction of dismissal for failure to obey a discovery order should only be used when the failure to comply has been due to willfulness, bad faith, or fault of the petitioner. Toney v. Berkemer (1983),6 Ohio St.3d 455, 458, 6 OBR 496, 453 N.E.2d 700, citing SocieteInternationale v. Rogers (1958), 357 U.S. 197, 212, 78 S.Ct. 1087,2 L.Ed.2d 1255.
Furthermore, a trial court is required to give notice to plaintiff's counsel of its intent to dismiss a complaint with prejudice. OhioFurniture Co. v. Mindala (1986), 22 Ohio St.3d 99, 101, 488 N.E.2d 881. The Ohio Supreme Court has held that a dismissal with prejudice is proper only, "when counsel has been informed that dismissal is a possibility andhas had a reasonable opportunity to defend against dismissal." (Emphasis added.) Quonset Hut, supra, 80 Ohio St.3d 46 at syllabus. Although the notice of dismissal may be actual or implied notice, the fundamental purpose of such notice is, "`to provide a party with an opportunity to explain its default and/or correct it.'" Sazima v. Chalko (1999),86 Ohio St.3d 151, 155-156, 712 N.E.2d 729, quoting Quonset Hut,80 Ohio St.3d at 49. "Notice of intention to dismiss with prejudice gives the non-complying party one last chance to obey the court order in full."Mindala, supra, 22 Ohio St.3d at 101.
The Ohio Supreme Court has held that:
"[a] `reasonable opportunity to defend against dismissal' under Quonset contemplates that a trial court allow the party opposing dismissal the opportunity to respond at least within the time frame allowed by the procedural rules of the court." Hillabrand, supra,87 Ohio St.3d at 519-520.
Appellants argue that, under Civ.R. 6(D), they should have had at least seven days to respond to Appellee's motion for sanctions. Civ.R. 6(D) states:
"A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court."
Civ.R. 7(B)(2) gives a trial court the authority to enact a local rule of court modifying the seven-day period between the filing and hearing of a motion under Civ.R. 6(D). The rule also gives the trial court the authority to hear motions without an oral hearing. Id. at 519; McGlone, supra, 86 Ohio App.3d at 283-284. Civ.R. 7(B)(2) states that, "[t]o expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements or reasons in support and opposition."
In the instant case, there was a local rule modifying the time to respond to motions. Loc.R. 4(C) of the Court of Common Pleas of Mahoning County states the following regarding motions:
"(1) All motions and briefs shall be delivered by the Court Administrator to the Court to which they have been assigned for action by the Court, and shall not be set for oral hearing unless approved by the Court Administrator or ordered by the Court.
"(2) Opposition briefs shall be filed no later than fourteen (14) daysfrom the date of filing of a motion unless, with leave of Court, anextension is granted. Motions may be heard and ruled upon the dayfollowing the cut-off for filing briefs." (Emphasis added.)
In keeping with Hillabrand, Appellants should have been allowed at least fourteen days to respond to Appellee's motion for sanctions and to correct any errors in discovery. The trial court sustained Appellee's motion only one day after Appellee filed the motion. Appellants were not provided any opportunity to file a brief in opposition to the motion to dismiss, nor were they permitted to correct any of the alleged errors. Although Appellants were made aware on October 20, 2000, that dismissal was a possibility if they failed to provide proper discovery, it appears from the record that they were never made aware of any deficiencies in their most recent discovery responses until January 11, 2001. The trial court did not give Appellants a reasonable time, a minimum of fourteen days after January 11, 2001, to respond to Appellee's allegations or to further supplement discovery to cure any errors.
It is clear from the record that Appellee's January 11, 2001, motion to dismiss was based solely on alleged omissions in Appellants' responses to Appellee's second set of interrogatories and second request for documents. Appellee did not file a motion to compel discovery of any additional information, but rather, proceeded to directly file a motion to dismiss. Appellee did not allege that Appellants failed to respond to its second discovery request, but rather, alleged that the responses were incomplete. When faced with similar accusations arising from the first set of interrogatories and request for documents, Appellants submitted a timely supplement to discovery, which apparently satisfied Appellee's concerns. This does not seem to be a case of a plaintiff completely stonewalling efforts at discovery. This appears to be a dispute over some of the details in what may well turn out to be a good faith effort to provide supplemental discovery. For these reasons, and in keeping withHillabrand and Quonset Hut, this case must be reversed and remanded to give Appellants an opportunity to respond to the allegations in Appellee's January 11, 2001, motion to dismiss.
The trial court also supported its dismissal by referring to Appellants' attempts to communicate with the court directly, and by stating that Appellants' answers were not made under oath as required by Civ.R. 33. Nothing in the record indicates that Appellants were warned prior to January 12, 2001, that dismissal with prejudice was a possible sanction for these actions. Presumably, the court's reasons for dismissal were based on Civ.R. 41(B)(1) which states: "Where the plaintiff failsto prosecute, or comply with these rules or any court order, the court
upon motion of a defendant or on its own motion may, after notice to theplaintiff's counsel, dismiss an action or claim." (Emphasis added.). Prior notice of the possibility of dismissal with prejudice is required of Civ.R. 41(B). Logsdon v. Nichols (1995), 72 Ohio St.3d 124, 129,647 N.E.2d 1361, see also this Court's holding in Durse v. Mossie (Mar. 16, 2000), 7th Dist. App. No. 98 CO 12. Once again, Appellants were not given any opportunity to respond to the trial court's reasons for dismissal prior to that dismissal.
Finally, the trial court supported its decision to dismiss the case by finding that Appellants, "have violated the order made by Judge Durkin, [and] orders made by Magistrate Bryan and Magistrate Wilkes * * *". (1/12/2001 J.E.). The record does not support the trial court's finding that Appellants violated any orders made by Judge Durkin or Magistrates Bryan and Wilkes. Neither the trial court nor Appellee point to any specific act or omission by Appellants which could be considered a violation of prior orders of the aforementioned court officials.
In conclusion, Appellants have shown that they were not provided an opportunity to respond to the January 11, 2001, motion to dismiss as required by Quonset Hut, Ohio Furniture Co., Logsdon, etc. We sustain Appellants' first assignment of error and the case is hereby reversed and remanded for further proceedings consistent with this Opinion. Appellants' second assignment of error is rendered moot by our disposition of assignment of error number one.
Vukovich, P.J., and DeGenaro, J., concur.