{¶ 30} I concur specifically with the lead opinion in this matter and write separately in regard to the separate concurring opinion which I find to be in error.
 {¶ 31} Plaintiff sued defendant on July 22, 2004. Service of the complaint was perfected on August 4, 2004. Two leaves to plead were taken, and an answer and counterclaim were filed by defendant on September 16, 2004. On November 5, 2004, plaintiff filed a reply to defendant's counterclaim. Notice of pretrial was sent to plaintiff and defendant on March 8, 2005 at the office of their attorneys. The notice provided that the pretrial was set for April 18, 2005 at 9:30 a.m. The notice further stated:
 {¶ 32} "NOTE: COUNSEL AND LITIGANTS FOR BOTH SIDES ARE REQUIRED TO BE PRESENT AT THE ABOVE HEARING. FAILURE OF EITHER PARTY TO APPEAR MAY RESULT IN IMMEDIATE DISPOSAL OF THE ACTION."
 {¶ 33} A motion to compel discovery was filed by the plaintiff on April 18, 2005.
 {¶ 34} On April 19, 2005 the court issued the following entry:
 {¶ 35} "This matter came on for pretrial April 18, 2005. Case called. Plaintiff present in Court. Defendant did not appear. The Court finds Defendant has refused to answer Plaintiff's discovery requests and hence these matter [sic] are admitted. Upon due consideration, Defendant's counterclaim is hereby stricken. Judgment is hereby entered in favor of Plaintiff against Defendant in the sum of $5,000 with costs and interest at 5% from date of Judgment upon Plaintiff's oral motion for Summary Judgment."
 {¶ 36} On May 13, 2005, defendant filed a motion for reconsideration and relief from judgment pursuant to Civ.R. 60(B). In that motion, defendant sought to set aside the court's April 19, 2005 judgment on the ground of excusable neglect. In particular, counsel for defendant stated that he had the time for the pretrial scheduled wrong on his calendar and, hence, he appeared for the pretrial at 1:00 p.m. instead of 9:30 a.m. on April 18th. Counsel further stated in his motion that when he appeared for the pretrial he had the responses to plaintiff's discovery requests with him. Plaintiff did not oppose defendant's motion. On August 18, 2005, the Court denied same, and defendant appeals herein from that ruling.
 {¶ 37} Civ.R 56, governing summary judgment, provides in pertinent part that "* * * if the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court." Civ.R. 56(A). The rule further provides that "* * * the motion shall be served at least fourteen days before the time fixed for hearing." Civ.R. 56(C). By the very terms of Civ.R. 56, there is no such thing as an oral motion for summary judgment heard the same day that it is made. The motion and the ruling thereon in this case are therefore nullities.
 {¶ 38} Further, the court appears to have responded to plaintiff's motion to compel discovery by deeming "matters admitted." The motion to compel was filed the day before the court ruled upon it. The motion had not been served upon defendant and there was no hearing. Due process requires at a minimum, service and an opportunity to be heard before sanctions may be imposed. Hillabrand v. Drypers Corp. 87 Ohio St.3d 517,2000-Ohio-468, 721 N.E.2d 1029; Zeidlerr v. D'Agostino,
Cuyahoga App. No. 85161, 2005-Ohio-2738.
 {¶ 39} The court's dismissal of defendant's counterclaim "upon due consideration" was apparently a sanction for appearing late at the pretrial. This court, in reversing the dismissal of a claim for counsel's failure to appear at a pretrial, has stated the following:
 {¶ 40} "It is an abuse of discretion for the court to impose the harsh and extreme remedy of dismissal for a single, accidentally missed pretrial.
 {¶ 41} "In Moore v. Emmanuel Family Training Center (1985),18 Ohio St.3d 64, the Supreme Court stated:
 {¶ 42} "`The interests of justice are better served when Ohio's courts address the merits of claims and defenses at issue. The extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the other party.'
 {¶ 43} "The court, in taking the action it did, denied the appellant his right to reach the merits of his case. The court's action in this instance, where an extreme abuse did not occur, amounted to an abuse of discretion." Mongello v. Kilbane (Apr. 13, 1989), Cuyahoga App. No. 55231, citing Moore, supra at 70.
 {¶ 44} Here, counsel's action in appearing late for the pretrial was not "a complete disregard for the judicial system or the rights of the other party." Counsel made a mistake; he thought the pretrial was at 1:00 p.m. and appeared at that time rather than 9:30 a.m. The court abused its discretion in dismissing defendant's counterclaim.
 {¶ 45} The separate concurring opinion in this matter claims that appellant had a burden under GTE Automatic Elec. Inc. v.Arc Industries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, to prove that there was a meritorious defense to the landlord/tenant claim (fortuitously, there was a stipulation of meritorious defense in that regard). However, to hold that the meritorious claim burden went to the underlying landlord/tenant claim in a case such as this would place an impossible-to-be-met burden upon an appellant. Plaintiff never filed a written motion for summary judgment. There are no exhibits or documents; defendant was never given an opportunity to respond. There is absolutely no evidence before the court to shed even the smallest amount of light upon the underlying claim. To place a burden on appeal to "prove" the meritorious nature of the underlying claim when due to the action of the court, there is no record whatsoever, creates a wholly impossible situation. I would hold that the GTE "meritorious defense burden" in a case such as this requires proof of a meritorious defense to the procedure
used to reach the summary judgment itself. And that, as previously discussed, cannot be denied; the judgment and order of dismissal obtained by the plaintiff in this matter were obtained without a scintilla of due process, are constitutionally infirm, void ab initio, or resulting from an abuse of discretion. Civ.R. 60(B) is the appropriate vehicle and this court is correct in reversing the trial court's refusal to vacate those orders.
 {¶ 46} This matter should be remanded to the trial court with orders to vacate the judgments of April 19, 2005, and permit the parties to proceed upon appropriately filed, served and noticed motions.
 CONCURRING OPINION